## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

Preston v. Salem Improvement Company.

July 11, 1895.

1. Pleading—*Motion to Recover Money—Issue—Oral Statement—Trial by Jury.*
   In a proceeding by motion to recover money under section 3211 of the
   Code, in order to entitle the defendant to a trial by jury, as provided by
   section 3213 of the Code, an issue must be made up. This issue may be
   tendered by a plea, or by an informal statement in writing of the
   grounds of defence. A mere oral statement is not sufficient; and in
   cases where the statute requires the plea to be verified by affidavit, that
   requirement of the statute must be complied with.

Error to a judgment of the Circuit Court of Washington
county, rendered April, 6, 1894, in a proceeding by motion
wherein the defendant in error was the plaintiff, and the
plaintiff in error was the defendant.

*Affirmed.*

This was a proceeding by motion under section 3211 of the
Code, to recover a judgment against the defendant on two
negotiable notes for the sum of $200 each, subject to a credit
for $200.15 endorsed on one of the notes. The defendant
appeared, by counsel, but declined to plead or tender an issue,
and asked for a jury "to try the case." This was refused,
and a judgment was rendered by the court in favor of the
plaintiff for the amount of the two notes and interest, and
costs, subject to the credit aforesaid.

The opinion states the other facts.

*Daniel Trigg,* for the plaintiff in error.

*J. J. Stuart,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This case does not involve the amount required by statute to entitle the plaintiff to a hearing by this court. It is, however, contended that there is a constitutional question involved which brings the case within the jurisdiction of this court.

The question presented is, can a defendant, in a motion under section 3211, Code of Virginia, 1887, claim a trial by a jury, as of right, without tendering an issue?

When the case was called in the court below, the defendant declined to plead or tender any issue of fact, claiming the right, as this was a summary proceeding, to go to trial, without any formal pleadings, and to produce orally in the progress of the trial any defenses he might have. The court declined to allow a jury to be sworn until and unless some issue of fact was joined. The parties thereupon submitted the matters of law and fact arising in the case to the determination and judgment of the court, but without waiving the defendant's exception to the ruling of the court.

The contention is that this is a summary proceeding provided by statute, and that it was not necessary, under section 3211, to plead, or make up an issue of fact for the jury, but that the defendant was entitled to a trial by a jury without an issue, and that it was a denial of his constitutional rights not to accord him a jury, without his tendering an issue.

The object of section 3211 of the Code was to afford a more speedy remedy for the enforcement of contracts, but it was not contemplated that all the rules of pleading were to be abrogated thereby. Section 3213 of the Code expressly

Opinion.

provides that "on a motion where an issue of fact is joined, and either party desires it, or where, in the opinion of the court, it is proper, a jury shall be impaneled, unless the case be one in which the recovery is limited to an amount not greater than twenty dollars, exclusive of interest."

The general rule applying to all actions will not sustain a judgment given upon a verdict, rendered as upon the trial of an issue, where no issue has been joined. No verdict can be rendered, or judgment entered thereon, in any case, unless issue shall have first been joined on the pleadings. 1 Bart. L. Prac. 476; 4 Minor's Inst. pt. 1, p. 851. It would be error in the Circuit Court to enter up a judgment on the verdict of a jury in any case where no issue had been joined, or no plea filed by the defendant. Any such judgment would, for that reason only, be reversed. The cases are numerous, in this and other States, where verdicts and judgments have been set aside by the appellate court merely because the verdict was rendered when no issue had been joined. *Stevens* v. *Taliaferro,* 1 Wash. (Va.) 155; *McMillion* v. *Dobbins,* 9 Leigh, 422; *Rowans* v. *Givens,* 10 Gratt. 250; *Ruffner* v. *Hill,* 21 W. Va. 152.

The better practice in proceedings by motion would be to make up the issue to be tried by the jury by filing such formal plea as would be suitable had the action been by declaration, according to the form at common law. Inasmuch, however, as the object of this proceeding by motion under section 3211 was to give suitors a plain and summary proceeding for the recovery of judgments, and it is but in accordance with the spirit of this flexible proceeding by motion to permit the defendant to make his defense by such informal pleas or statement in writing as will state his defense and make up the issue to be tried, this latter practice is permissible, except in all cases where the statute requires the plea to be verified by

affidavit. In such cases that requirement of the statute must always be complied with.

In the case at bar, the defendant was deprived of no constitutional right in being required to make up an issue of fact before the jury was impaneled. He could have secured this privilege by filing the formal but simple plea of *nil debet*, or by filing a statement in writing of the grounds of his defense sufficiently explicit to make up the issue.

For the foregoing reasons, the court is of opinion that there is no error in the judgment complained of, and it is affirmed.

AFFIRMED.