# Richmond

## A. T. Curtis and Others v. Mary Dobie Peebles and P. B. Halligan.*

January 11, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

---

* See, also, *Curtis* v. *Peebles,* 160 Va. 735, 169 S. E. 548.

The opinion states the case.

*William Old,* for the appellants.

*William Earl White,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Appellees were the owners of a tract of land situated in Sussex county, containing 407 acres. On April 8, 1929, appellees, after reserving and excepting twenty acres of timber land from the 407-acre tract, conveyed to appellants, A. T. and C. E. Curtis, partners, trading as A. T. Curtis and Son, all the pine and poplar trees growing on 387 acres of land, the boundaries of which were fully set forth in the deed of conveyance. Some time after the date of the conveyance and after appellants had cut the timber, they claimed that the reserved tract, instead of containing twenty acres, contained seventy-six acres, and that they were entitled to all the timber growing upon such acreage. In the meantime appellees had sold the timber growing upon the reserved tract of land to one Mattox for the sum of $3,250.

Failing to effect a settlement with appellees, appellants elected to bring an action at law, by notice of motion, to recover of appellees the sum of $3,000. Upon motion of appellees the following bill of particulars was filed:

"That the amount of damages sustained on account of the acts complained of in the notice of motion resulted in the following items of damage, to-wit:

"Loss in the estimate of timber to be cut from the premises due to the deficiency in the number of acres—380,000 feet at \$7 a thousand _____\$2,660
"Interest, taxes, surveying and other expenses. ___ 340

"Total amount of damages _____\$3,000

"A. T. Curtis & Son.
"By Harry L. Snead, *p. q.*"

Pleas of not guilty and *non assumpsit*, together with their grounds of defense, were filed by appellees. On the 18th day of July, 1930, the case was tried by a jury and at the conclusion of appellants' evidence a motion was made to strike out the evidence, which motion was sustained, and there was a verdict and judgment for appellees. No writ of error was applied for.

At the first August Rules, 1932, appellants filed their bill of complaint against appellees, praying that the deed of April 8, 1929, be annulled or reformed and the amount of the purchase price be abated in proportion to the shortage in timber, on the ground of mutual mistake of the complainants induced by the fraud or misrepresentation of appellees.

The court, over the objection of appellants, permitted appellees to file the following plea of *res judicata*:

"The said defendants, by their attorneys, come and say that this court ought not to have or take any further cognizance of this suit or cause filed by the said complainants, because the said defendants say that all of the matters, things, facts, claims and issues set forth in this supposed cause have been formerly adjudicated between the same parties on the merits by this court, which was a court of competent jurisdiction, in a certain action at law by notice of motion for judgment, entitled 'A. T. Curtis and C. E. Curtis, partners, trading as A. T. Curtis & Son, plaintiffs, versus Mary Dobie Peebles and P. B. Halligan, defendants,' these being the same and identical parties named in this cause, and which said action at law was in-

stituted by notice of motion for judgment, returnable on the 8th day of July, 1930, and was concluded by final order of this court, entered on July 18, 1930, all of which will fully appear from the records in said action at law, which said records are exhibited herewith. And this the defendants are ready to verify."

By consent of counsel, the court proceeded to hear evidence upon the plea and replication thereto, and being of opinion that the plea of *res judicata* was well founded, sustained the plea and dismissed the bill of complaint.

It is the contention of appellants that the judgment at law is nugatory, on the ground "that the notice of motion did not state a cause of action and that, therefore, a judgment under such pleadings cannot bar subsequent proceedings on the same facts in which a cause of action is set forth."

A novel question is presented when a complainant in a suit of equity sets up the defense to a plea of *res judicata* that he as plaintiff in an action at law failed to allege in his pleadings a good cause of action.

In the enactment of the statute permitting the filing of a notice of motion in lieu of filing a declaration in an action at law, it was the manifest intention of the legislature to whittle away the so-called technical refinements of common-law pleading and to permit a simpler method of testing the rights of litigants. Hence, in the construction of a notice of motion the legal fiction crept into the early decisions that the notice should be clothed with the presumption that it was the act of the party seeking a recovery, and not the handiwork of one presumed to be versed in the law.

It was so held in the case of *Washington County Board of Supervisors* v. *Dunn* (1876), 27 Gratt. (68 Va.) 608. There the court said: "The rule governing notices is, that they are presumed to be the acts of parties, and not of lawyers. They are viewed with great indulgence by the courts; and if the terms of the notice be general, the court will construe it favorably, and apply it according to the

truth of the case, as far as the notice will admit of such application. If it be such that the defendant cannot mistake the object of the motion, it will be sufficient."

In *Whitley* v. *Booker Brick Co.*, 113 Va. 436, 74 S. E. 160, 161, Judge Whittle cited with approval *Supervisors* v. *Dunn*, and then restated the rule as follows:

"A proceeding by motion, under Virginia Code 1904, section 3211, is intended to furnish a simpler, more expeditious, and less expensive remedy for the collection of debts than by action, and the same is true of motions generally. Hence we find that the uniform course of decision in this State has been to view with more leniency and to allow greater laxity in the pleadings in that form of procedure."

In *Preston* v. *Salem Improvement Co.*, 91 Va. 583, 22 S. E. 486, the court held that in order to entitle a defendant to a trial by jury, an issue must be made up. "This issue may be tendered by a plea, or by an informal statement of the grounds of defense." *Id.* See, also, *Bardach Iron, etc., Co.* v. *Charleston Port Terminals*, 143 Va. 656, 129 S. E. 687; *Wessel* v. *Bargamin*, 137 Va. 701, 120 S. E. 287.

It must be conceded that the notice of motion under review is inartificially drawn, but when analyzed, it is clear that the object of the motion was to recover for the alleged deceit practiced by the appellees upon appellants. That it was so construed by appellees is evinced by their filing a plea of not guilty and also filing grounds of defense which specifically set forth: "That neither of the defendants made any misrepresentation of any material fact to the plaintiffs, or either of them."

The bill of particulars filed by appellants clearly indicates that appellants sought a recovery of damages in the sum of $3,000. The bill of complaint sets forth the same state of facts appearing in the action at law and seeks to mulct appellees in damages in the approximate sum of $3,000.

Both the action and suit are based upon the same alleged wrong. The parties are the same, the claim asserted

is the same, the first proceeding was before a court of competent jurisdiction and a judgment on the merits was rendered. When such a state of facts appears, there should be, and in law there is, an end of litigation.

In our opinion no error was committed by the trial court in sustaining the plea of *res judicata,* as the case at bar is ruled by the case of *Blevins* v. *Lovelace's Executor,* 142 Va. 493, 129 S. E. 247, 248. 'In that case plaintiff filed a bill in equity against the defendant, claiming that a legacy to plaintiff from defendant's testator was given for a valuable consideration and constituted a preferred claim due from the estate, and to that end praying a construction of the will. The court decreed that the legacy was subject to the prior payment of the debts of the testator. The plaintiff then filed an action at law against the defendant, alleging a parol contract between plaintiff and defendant's testator, to will the plaintiff one thousand dollars ($1,000) for services. To this action the defendant pleaded *res judicata,* which plea was sustained by the lower court, and on appeal the judgment was affirmed. Judge Burks, speaking for the court, said:

"The parties to the present action and to the chancery suit are the same, the subject of the litigation is the same, and the evidence to support the instant action would be the same as that used in the chancery suit. Under these circumstances, the final decree in the chancery suit is a bar to the instant action. * * * Where a second action or suit is brought on the same claim or demand as the first, the judgment or decree in the first action or suit, if rendered on the merits, is a bar to the second action or suit, and concludes the parties thereto and their privies, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

There is no error in the decree complained of and it is affirmed.

*Affirmed.*