# Richmond

## Janie Minor Ransone v. George R. Pankey, Jr., etc.

March 7, 1949.

Record No. 3443.

Present, All the Justices.

The opinion states the case.

*W. Griffith Purcell* and *Hunter W. Martin*, for the plaintiff in error.

· *Robert Lewis Young* and *John B. Browder*, for the defendants in error.

STAPLES, J., delivered the opinion of the court.

The plaintiff in error, Janie Minor Ransone, instituted this action by notice of motion for judgment against George R. Pankey, Jr., and W. Willis Thompson, defendants, to recover for personal injuries suffered by her as a result of a collision between two automobiles, one being driven by Joseph T. Lacy, in which the plaintiff was riding as a guest, and the other being driven by the defendant, George R. Pankey, Jr., alleged to be the agent of his codefendant, Thompson.

The case turns upon the legal effect of certain allegations contained in the notice of motion. It alleges that "you the said defendants, negligently, recklessly, carelessly, and un-lawfully, drove and caused your said automobile, to be so driven with great force and violence into the rear right side of the said automobile in which I, the plaintiff, was occupying and riding as a guest and passenger, as aforesaid; that the said collision of said automobiles, was the sole proximate cause and direct result of the negligence, reckless-ness, carelessness, and unlawfulness, of you the said defend-ants, jointly and severally, as aforesaid, and in the following particulars:[1]  * * *."  It also alleges that Lacy was driving "in a careful and prudent manner" the car in which the plaintiff was riding as his guest.

The particular acts of negligence alleged are defendants' failure to keep a proper lookout; not having the automobile of defendants under proper control; driving the said auto-mobile at an excessive speed under the circumstances, and in violation of the laws of the State and ordinances of the city of Richmond. The notice further alleges that "the plaintiff had no authority or control, and was exercising no authority or control" over the operation of the Lacy car in which she was riding.

On the day the case was called for trial, January 6, 1948,

---

[1] Instead of alleging, as was obviously intended, that the defendants' *negligence* was the sole cause of the *collision*, the allegation literally is that the *collision* was the sole cause of the *negligence*.

the plaintiff asked leave to file the following affidavit:

"This day appeared before me the undersigned, W. Griffith Purcell, Atty. for the plaintiff, Janie Minor Ransone, and made oath as authorized that Joseph Lacy neither operated or controlled said automobile as her agent, etc., or that she had any control over him or that she owned said automobile."

Whereupon the following occurred in chambers:

"Mr. Browder: The defendants object to the filing of the affidavit because its contents are immaterial and irrelevant in view of the allegations of the Notice of Motion which are that Joseph Lacy was driving the automobile occupied by the plaintiff, 'in a careful and prudent manner', thus affirmatively rebutting any negligence on his part, and that 'the sole proximate cause' of plaintiff's injuries was negligence on the part of the defendants.

"Mr. Purcell: The defendants have filed their 'Grounds of Defense' to the plaintiff's Notice of Motion, and have therein denied all negligence in manner and form as alleged by the plaintiff in her Notice of Motion, and in addition have affirmatively alleged negligence on the part of the plaintiff herself, and further that she was engaged in a joint venture with the said Joseph Lacy, who was also acting as her agent, and that the 'sole proximate cause of the accident', was the negligent operation of the automobile in which the plaintiff was riding, by Joseph Lacy, its driver.

"If the defendants are taken by surprise they might possibly ask for a continuance, but in any event the plaintiff has the right to file the aforementioned affidavit.

"Note: After discussion of the point the Court stated that since the question of materiality and relevance would again arise at a later state of the proceedings that it would pass upon the point on its merits at the proper time and allowed such paper to be filed."

The defendants did not except to this ruling which allowed the affidavit to be filed.

After the completion of the evidence, the court rejected all instructions requested by the plaintiff which would have

permitted her to recover for injuries caused by the concurring negligence of the defendant, Pankey, and of Joseph T. Lacy, the driver of the other car. The learned judge of the trial court concluded that the plaintiff was bound by the allegations in her notice that the automobile in which she was riding "was being driven and operated by the said Joseph T. Lacy, in a careful and prudent manner," and, that the negligence of the defendants was the sole and proximate cause. In ruling upon the question, the record contains the following comment:

"The Court is of opinion that the plaintiff, who has not asked leave to amend—and of course could not amend so as to contradict her previous allegations rather than merely modify or add to them—is bound by the allegations of her notice of motion, with which allegations, it may be added, her testimony was in accord.

\*    \*    \*    \*    \*    \*

"\* \* \* This being so, all consideration of the guest doctrine and the non-imputability of the plaintiff's driver's negligence passes out of this case. If the driver of her car was guilty of negligence which efficiently contributed to the accident, then under her theory of the case the defendant's negligence was not the sole cause, and it is immaterial whether her driver's negligence is imputable or not."

The trial court instructed the jury in accordance with the foregoing ruling. The plaintiff excepted, and insists here that such action constituted prejudicial error.

The testimony as to the circumstances under which the collision occurred is conflicting and the defendants do not claim that there was not sufficient evidence to carry to the jury the question whether defendant Pankey was guilty of negligence which contributed proximately to the plaintiff's injury.

It is well-settled in Virginia, and not controverted by the defendant, that the negligence of the driver of a vehicle in which a guest passenger is injured cannot ordinarily be imputed to the passenger and cannot be invoked as a

defense by a joint tort-feasor whose negligence was also a proximate contributing cause. An exception to the rule, though not here applicable, is where the passenger and the driver of the car in which he or she was riding were engaged in some joint enterprise. *Stallard* v. *Atlantic Greyhound Lines*, 169 Va. 223, 192 S. E. 800; *Gaines* v. *Campbell*, 159 Va. 504, 166 S. E. 704.

The defendants contend that the action of the trial court with respect to the instructions was proper because the plaintiff, by the allegations in her notice of motion that the negligence of the defendant, George R. Pankey, Jr., was the sole proximate cause of her injury, and that the car in which she was riding was being driven and operated by Lacy in a careful and prudent manner, had committed herself to this theory of the happening of the accident and was therefore precluded from invoking any negligence of the defendants unless it was the *sole* proximate cause of her injury, even though such negligence *contributed* efficiently thereto.

We cannot agree that the allegations in question should be given such a drastic and far-reaching effect. In support of their position, defendants invoke the common-law rules of pleading and in their brief say:

"It is assumed that no authority need be cited for the proposition that the rules of common-law pleading govern in an action of this kind except insofar as modified by statute. Section 6250 of the Code is designed to protect a litigant in the case of a variance between his pleadings and proof, but it must be invoked, otherwise he must stand or fall upon the case made by his pleadings."

It has long been established in Virginia, however, that the statute providing for proceeding by way of notice of motion in and of itself has had the effect of materially relaxing the common-law rules of pleading. *Portsmouth* v. *Madrey*, 168 Va. 517, 191 S. E. 595. See also, the numerous cases cited in 7 Michie's Va. and West Va. Digest, p. 487. The doctrine was thus recently stated in *Curtis* v. *Peebles*, 161 Va. 780, 783, 172 S. E. 257:

"In the enactment of the statute permitting the filing of a notice of motion in lieu of filing a declaration in an action at law, it was the manifest intention of the legislature to whittle away the so-called technical refinements of common-law pleading and to permit a simpler method of testing the rights of litigants. Hence, in the construction of a notice of motion the legal fiction crept into the early decisions that the notice should be clothed with the presumption that it was the act of the party seeking a recovery, and not the handiwork of one presumed to be versed in the law."

And the opinion continues:

"It must be conceded that the notice of motion under review is inartificially drawn, but when analyzed, it is clear that the object of the motion was to recover for the alleged deceit practiced by the appellees upon appellants. That it was so construed by appellees is evinced by their filing a plea of not guilty and also filing grounds of defense which specifically set forth: 'That neither of the defendants made any misrepresentation of any material fact to the plaintiffs, or either of them.'" (161 Va., at page 784).

And in the case at bar, it is apparent that the defendants were not misled in any manner by the allegations referred to in plaintiff's notice of motion. Not only did their grounds of defense, as we have seen, deny negligence on their part, but invoked as a defense contributory negligence of the plaintiff, and that she was engaged in a joint venture with the said Joseph T. Lacy; that he was acting as her agent and his negligence was to be imputed to her, and also that the negligent operation by its driver, Lacy, of the automobile in which the plaintiff was riding was the "sole proximate cause of the accident."

It appears further that the allegation in the plaintiff's notice of motion that "the plaintiff had no authority or control, and was exercising no authority or control" over the operation of the Lacy car was obviously sufficient to apprise the defendants of the plaintiff's position that the negligence of said driver, if any, was not to be imputed to

her. Furthermore, her affidavit in support of this allegation was filed before the beginning of the trial. It does not appear that the fact that this allegation was included in the *notice* was called to the attention of the trial court.

Plaintiff's allegation that the driver Lacy was operating the car in which she was riding "in a careful and prudent manner" must be regarded as an expression of her opinion of the circumstances under which the accident happened. It did not justify the conclusion that the plaintiff was intentionally and deliberately waiving her right of action against the defendants should the jury find that her opinion was incorrect and that both the said Lacy and the defendants were guilty of negligence efficiently contributing to her injury. And the same effect must be given to the allegation in the notice which was construed to mean that the defendants' negligence was the sole proximate cause of the injury. Neither of the allegations could have been of any possible benefit to the plaintiff, as neither added anything to her ultimate right of recovery or had the effect of increasing the defendants' liability for her injuries if they were guilty of negligence which proximately contributed thereto. Even if the jury had found for the plaintiff against the defendants under instructions precluding recovery unless the defendants' negligence was the sole proximate cause, this would not have affected the defendant's right to sue Lacy, the driver of the other car, for contribution. Counsel for the defendants concede that this is true.

These two allegations in the notice of motion must be considered immaterial to the real issue in the case—*i. e.,* whether the defendants were guilty of negligence which was a proximate cause of the plaintiff's injuries. Being immaterial, they must be treated as surplusage.

*Kennedy* v. *Mullins*, 155 Va. 166, 154 S. E. 568, supports this principle. There the notice of motion alleged that the contract sued on was one which created a partnership. The facts proven, however, did not sustain this allegation and the defendant sought a reversal on the ground of a variance

between the allegations and the proof. In denying this contention, we said:

"The plaintiff alleged and proved a contract with the defendant, its breach and the consequent loss imposed upon him. That he erroneously claimed that the agreement proved created a partnership was a conclusion of law, but this does not contradict the allegations of fact upon which he has been allowed to recover. * * *." (155 Va., at page 179).

And so it may be said here that the plaintiff's allegations that Lacy was driving in a careful and prudent manner the car in which she was riding, and that the acts of negligence charged against the defendants constituted the sole proximate cause of the accident, are conclusions of law, and do not contradict allegations or proof of defendants' acts of negligence which the jury might conclude were a proximate, though not the sole, cause of the plaintiff's injuries.

In the case at bar, due to extravagant allegations of matters immaterial to the plaintiff's real right of recovery, which were injected by her counsel into her notice of motion, she has been deprived of a trial in the court below upon the essential merits of her case. Such a result is incompatible with the spirit and purpose of the applicable Virginia statutes as we have interpreted them.

Plaintiff assigns as error the giving of instruction 8a, which is as follows:

"The Court instructs the jury that if you believe from the evidence that the defendant's automobile approached and entered the intersection in question at a lawful rate of speed either before or at approximately the same time as the automobile in which the plaintiff was riding, then the defendant's automobile had the 'right of way' and it was the duty of the operator of the car occupied by the plaintiff to yield the 'right of way' to the defendant's automobile and permit it to pass in safety, and if the jury believe from the evidence that he failed to do so and that such failure either proximately caused or efficiently contributed to the accident in question, then you should find in favor of

the defendant. The law provides for no other 'right of way' than as above stated."

The instruction as given was based upon the theory adopted by the trial court that, if the driver Lacy was guilty of negligence contributing proximately to the injury, the plaintiff could not recover. Upon a new trial of the case the instruction should be so amended as to inform the jury that the failure of Lacy to yield the right of way under the circumstances stated did not relieve the defendants of liability for their concurring negligence or from the duty to continue to use reasonable care to avoid the accident after the vehicles entered the intersection.

Plaintiff also assigns as error the refusal of the court to instruct the jury upon the theory that the defendants had the last clear chance to avoid the collision. As the evidence at a new trial may be different, we express no opinion on this question.

*Reversed and remanded.*