# Richmond

ROGER LEE SIMMERS v. MILDRED ARMENTROUT DEPOY.

November 29, 1971.

Record No. 7605.

Present, All the Justices.

*Phillip C. Stone* (*W. W. Wharton; Wharton, Aldhizer & Weaver*, on brief), for plaintiff in error.

*James R. Sipe* (*Donald D. Litten; Nathan H. Miller*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

On August 29, 1967, Mildred Armentrout DePoy was crossing a street in the city of Harrisonburg when two cars, one behind the other, approached her. The first car, driven by Donald Allen Orebaugh, swerved and missed Mrs. DePoy. The second, driven by Roger Lee Simmers, struck and injured her.

Mrs. DePoy brought an action for her injuries against both drivers. The jury exonerated Orebaugh but returned a verdict against Simmers in the sum of $12,000. Final judgment was entered on the verdict, and Simmers was granted a writ of error.

The questions to be decided are:

1. Was there a fatal variance between the allegations of the motion for judgment and the evidence adduced at trial?
2. Was the evidence sufficient to show that Simmers was negligent?
3. Did the court err in granting Instruction No. 11, relating to last clear chance?

The accident occurred at approximately 12 noon on August 29, 1967, at or near the intersection of Noll Drive, North Liberty Street, and Rock Street in Harrisonburg. A diagram of the accident scene is set forth herein for reference.

Noll Drive and North Liberty Street are both one-way for southbound traffic. The two streets converge and become Liberty Street at a point just north of the intersection of the converged street and Rock Street, which runs east and west. A pedestrian crosswalk is provided on Liberty Street a short distance north of Rock Street.

Mrs. DePoy was crossing Liberty Street from west to east. Orebaugh and Simmers, who were acquainted with one another, were proceeding in a southerly direction in the left-hand lane of Noll Drive, Orebaugh in the lead and Simmers directly behind him. They estimated their speed at 18 to 25 miles per hour.

Mrs. DePoy had proceeded slightly more than halfway across the street when Orebaugh first saw her, 50 to 60 feet ahead. He applied his brakes, swerved his vehicle to the left, and missed her. Simmers then saw her for the first time, 20 to 25 feet ahead. He applied his brakes and swerved his vehicle to the right. She "jumped or stepped" back from the passing Orebaugh car and was struck by the left front fender of the Simmers' vehicle.

At trial, Mrs. DePoy, as a result of her injuries, had no recollection of the accident or of where she was crossing Liberty Street. She called Orebaugh and Simmers as adverse witnesses. Both testified that she was crossing Liberty Street at a point *south* of its intersection with Rock Street. Mrs. DePoy then called Officer Phillippy, the investigating officer. He testified that when he arrived at the scene, some twenty minutes after the accident, Mrs. DePoy was lying

in the middle of Liberty Street "4 or 5 feet" south of the crosswalk which, as has been stated, was *north* of Rock Street.

This brings us to the variance question. In her motion for judgment, Mrs. DePoy alleged that, on the date in question, she "was walking from west to east just south of the intersection of Rock Street, Liberty Street and Noll Drive." When Officer Phillippy testified that after the accident Mrs. DePoy was lying just to the south of the crosswalk, or north of Rock Street, Simmers objected on the ground that the testimony constituted a material variance from the allegations of the motion for judgment.

The trial court held that there was no variance and overruled Simmers' objection. Simmers contends that this was error, arguing that under Code § 8-217,[1] the trial court should have sustained the objection and permitted Mrs. DePoy to amend her motion for judgment to conform to Officer Phillippy's testimony. In the absence of such amendment, Simmers says, the court was required to strike that testimony.

We do not agree with Simmers' contention. The rule is that allegations in pleadings which are immaterial to the real issues in the case cannot form the basis of a claim that there is a fatal variance between allegation and proof. *Ransone* v. *Pankey*, 189 Va. 200, 208, 52 S.E.2d 97, 101 (1949).

The real issues in this case were whether Simmers was guilty of negligence and whether Mrs. DePoy was guilty of contributory negligence. To state a cause of action against Simmers, Mrs. DePoy was not required to say in her motion for judgment precisely where she was crossing Liberty Street when she was struck. And if she was entitled to recover at all, she had just as much right to recover upon proof that she was struck at some point south of Rock Street as she had upon proof that the accident occurred slightly north of that street. So the allegation that she was struck south of "the intersection" was immaterial. Therefore, the admission of Officer Phillippy's testimony merely created a conflict in the evidence and did

[1] "§ 8-217. *Remedy when variance appears between evidence and allegations.*—If, at the trial of any action or motion, there appears to be a variance between the evidence and the allegations or recitals, the court, if it consider that substantial justice will be promoted and that the opposite party cannot be prejudiced thereby, may allow the pleadings to be amended, on such terms as to the payment of costs or postponement of the trial, or both, as it may deem reasonable. Or, instead of the pleadings being amended, the court may direct the jury to find the facts, and, after such finding, if it consider the variance such as could not have prejudiced the opposite party, shall give judgment according to the right of the case."

not constitute a variance requiring the action contemplated by Code § 8-217.

■ We next consider the question whether the evidence was sufficient to show that Simmers was negligent. We think the evidence was sufficient for that purpose.

Simmers was directly behind Orebaugh as their two vehicles proceeded down Noll Drive and approached the point where Mrs. DePoy was struck. One witness put the distance between the vehicles at only "20 or 25 feet." Simmers did not see Mrs. DePoy until after the Orebaugh vehicle had swerved to its left. From all this, the jury could have found that Simmers did not see Mrs. DePoy sooner because he was following the other vehicle too closely and that had he seen her sooner, he would have been able to avoid striking her. This was sufficient to show that he was negligent in the operation of his vehicle.

■ Finally, we examine the question of the propriety of granting Instruction No. 11,[2] relating to last clear chance. We think the granting of this instruction was error requiring reversal.

The last clear chance doctrine has application in two situations: (1) where the injured party has negligently placed himself in a position of peril from which he is physically unable to remove himself (the helpless plaintiff), and (2) where the injured party has negligently placed himself in a position of peril from which he is physically able to remove himself but is unconscious of his peril (the inattentive plaintiff). *Greear* v. *Noland Company*, 197 Va. 233, 238-39, 89 S.E.2d 49, 53 (1955).

In the first situation, the defendant is liable if he saw or should have seen the plaintiff. In the second, the defendant is liable only if he actually saw the plaintiff. But in either case, liability is further predicated upon the proposition that the defendant *realized or ought to have realized* the peril of the plaintiff in time to avert the accident by use of reasonable care. *Smith* v. *Spradlin*, 204 Va. 509, 513, 132

[2] "If the jury believe from the evidence that the plaintiff was not crossing within the prescribed cross-walk and therefore was negligent on the occasion involved herein, and as a result of such negligence placed herself in a situation of peril from which she was physically able to remove herself, nevertheless, if you believe from a preponderance of the evidence that the defendant Simmers actually saw the plaintiff in her situation of peril in time to avoid the accident by using reasonable care, but that thereafter Simmers failed to exercise such care and that such failure was the sole proximate cause of the accident, then under such circumstances Simmers is liable and you shall return your verdict in favor of the plaintiff against the said Simmers."

S.E.2d 455, 458 (1963); *Restatement (Second) of Torts* §§ 479-80 (1965); Muse, *Virginia's New Last Clear Chance Doctrine,* 1 *U. Rich. L. Notes* 67 (1959).

In this case, whether Mrs. DePoy be considered an inattentive plaintiff, as the instruction depicted her, or as a helpless plaintiff, as she argues she should have been depicted, the doctrine of last clear chance does not apply. It was not until after Orebaugh had swerved his vehicle to avoid striking Mrs. DePoy that Simmers could or should have realized her perilous position. Under the evidence, he did not then have time to avert the accident.

For the error in granting Instruction No. 11, the judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*