30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: CHEROKEE CORPORATION OF LINDEN, VIRGINIA, Debtor.
CHEROKEE CORPORATION OF LINDEN, VIRGINIA, Plaintiff-Appellant,
v.
SNOW MACHINES, INC., Defendant-Appellee.
 No. 93-1549.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1994.
Decided Aug. 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-93-111-A, BK-91-12117-AB)
 David A. Downes, Front Royal, VA, for appellant.
 John T. Donelan, David S. Bracken, Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cherokee Corporation owned and operated a ski resort in Linden, Virginia, until it filed for bankruptcy in May 1991. Snow Machines, Inc. (SMI), designed, manufactured, and installed a snow-making system at Cherokee's resort in 1989. In 1990, Cherokee defaulted on the remaining balance it owed to SMI. SMI then filed a mechanic's lien and a Cross Bill to Enforce Mechanic's Lien (in accordance with Va.Code Ann. Sec. 43-22 (Michie 1990)) in the Warren County Circuit Court. After some negotiations among SMI, Cherokee, and other creditors of Cherokee, the parties entered into a Consent Decree Granting Partial Summary Judgment which provided, in pertinent part, as follows:
 
 
 2
 3. Defendants [including Cherokee] consent and agree that the Mechanic's Liens are valid and properly perfected against the Property in the amount of the Undisputed Amounts set forth in paragraph 4 below, that the Bills to enforce the Mechanic's Liens have been duly filed and service accepted or waived by the signatories executing this Decree, that the Mechanic's Liens and Bills comply in all respects with Title 43, Chapter 1 of the Code of Virginia of 1950, as amended, and decisional law interpreting such statutes, that the Bills constitute present actions and that there are no defenses or other reasons why Plaintiffs should not be entitled to the relief in the Bills or as provided herein ...
 
 
 3
 4. The Plaintiffs, with the consent and agreement of the Defendants, desire that a decree granting partial summary judgment be entered against Cherokee in favor of the Plaintiffs in the following amounts together with interest at the rates and from the dates set forth below and reasonable attorney's fees, both as provided by contract, and costs (collectively the "Undisputed Amounts"):
 
 
 4
 ...
 
 
 5
 d. SMI--$466,294, together with interest at the rate of 1.5% above the prime rate in effect at Bank of America per annum from September 1, 1990, until paid.
 
 
 6
 5. The Defendants dispute the liability of the defendants other than Cherokee for the Undisputed Amounts ... and this cause is continued as to ... issues of liability of the defendants other than Cherokee for the Undisputed Amounts....
 
 
 7
 Riblet Tramway Co. v. Cherokee Corp. Trustee, No. 92-000188-00 (Warren County, Va., Circuit Court) (emphasis added).
 
 
 8
 In March 1992, the bankruptcy court issued a consent order which included an installment payment agreement entered into by the parties. The order further provided that in the event Cherokee defaulted on the payments, the creditors (including SMI) were granted relief from the automatic stay without further notice or order of the bankruptcy court. (In re Cherokee Corp., Debtor (Snow Machs., Inc. v. Cherokee Corp.), No. 91-12117-AB (Contested Matter No. 91-1070) (Bankr.E.D. Va. Mar. 3, 1992).
 
 
 9
 This action arises out of Cherokee's "Objection to Allowance of Claim and Counterclaim" in which it claimed, for the first time, that SMI should be denied its claim, and should pay damages to Cherokee, because SMI breached its warranties and was negligent with respect to the snow-making equipment. The bankruptcy court found that Cherokee's claim was barred by res judicata and awarded summary judgment to SMI. Cherokee appealed to the district court, which agreed with the bankruptcy court's determination that Cherokee's claim was barred by res judicata. From the district court's order granting summary judgment to SMI, Cherokee appeals.
 
 
 10
 Although the bankruptcy court and the district court should have considered the preclusive effect under Virginia law of the state court judgment (the consent decree), the result would have been the same: Cherokee's claims were clearly barred.
 
 
 11
 A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); 28 U.S.C.Sec. 1738 (1988). Cherokee does not contest the validity of the consent decree issued by the Warren County Circuit Court.* Nevertheless, Cherokee maintains that its claims are not barred because (1) the state court consent decree was an action in chancery and, under Virginia law, cannot bar a later action at law; and (2) the consent decree is ambiguous as to the intent of the parties.
 
 
 12
 "The bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." Smith v. Ware, 421 S.E.2d 444, 445 (Va.1992) (emphasis added). Contrary to Cherokee's assertion, the fact that the first action was a suit in chancery does not prevent its preclusive effect in a subsequent action at law. In Curtis v. Peebles, 172 S.E. 257 (Va.1934), the Virginia Supreme Court recognized that a suit in chancery may bar a later action at law where the two actions are based upon the same alleged wrong:
 
 
 13
 "The parties to the present action and to the chancery suit are the same, the subject of the litigation is the same, and the evidence to support the instant action would be the same as that used in the chancery suit. Under these circumstances, the final decree in the chancery suit is a bar to the instant action.... [T]he judgment or decree in the first action or suit ... is a bar to the second action or suit ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."
 
 
 14
 Id. at 258 (quoting Blevins v. Lovelace's Ex'r, 129 S.E. 247, 248 (Va.1925)) (emphasis added). Cherokee had the opportunity to raise its claims twice: first, in the Warren County action and, second, in the bankruptcy court during the first adversary proceeding to lift the stay.
 
 
 15
 Cherokee's claim that the consent decree is ambiguous as to the intent of the parties is also without merit. The language clearly states that "there are no defenses or other reasons why the Plaintiffs should not be entitled to" the relief sought (payment of the contract price).
 
 
 16
 We need not address the propriety of the bankruptcy court's or district court's reliance upon a letter sent by SMI's attorney to Cherokee as evidence of the intent of the parties. We find that the consent decree issued by the Warren County circuit court is dispositive under Virginia law and therefore affirm the award of summary judgment to SMI. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 *
 In Virginia, a consent decree is a binding judgment unless procured by fraud or mistake. Fuller v. Troy, 194 S.E. 668 (Va.1938). Cherokee has made no claim, and there is no evidence in the record, that its consent was obtained by either fraud or mistake