## CIRCUIT COURT OF LOUDOUN COUNTY

Gallahan

v.

Lowe's Home Center, Inc.

October 30, 1995

Case No. (Law) 14919

BY JUDGE THOMAS D. HORNE

This case is before the Court on the motion of the plaintiff to have the Court reconsider its prior ruling with respect to its failure to instruct the jury on the doctrine of last clear chance. Plaintiff, a customer of defendant, was walking backwards in a lumberyard located on the premises of the defendant when he tripped over a piece of wood. At the time of the accident and injury, defendant's employee was walking forwards at the other end of a board which he and the plaintiff were removing from the yard.

At trial, plaintiff demonstrated for the jury the manner in which the board was being carried at the time of the accident. The evidence relevant to the application of the doctrine of last clear chance consisted of: (1) the manner in which the plaintiff looked to his rear in carrying the board, (2) the dimensions of the board which was being carried, (3) the fact the defendant's employee was walking forwards at the time of the accident and had directed the plaintiff to walk backwards, and (4) the relationship of the location of the piece of wood to the path taken by the plaintiff and defendant through the lumberyard. The record is devoid of any evidence that the position of the defendant's employee would have afforded him a better opportunity, let alone a last chance, to have avoided the accident.

The jury was instructed on the issues of negligence and of contributory negligence. Assuming the plaintiff failed to exercise ordinary care for his safety while walking backwards in the lumberyard, the evidence does not reveal in what way the defendant's employee may have been better able to have realized the existence of such peril prior to plaintiff's fall. In the

exercise of ordinary care, the opportunity to avoid the accident was as available to the plaintiff as to the defendant. *Hopson v. Goolsby*, 196 Va. 832, 840 (1955). He would have been the "co-author of his own misfortune." *Lanier v. Johnson*, 190 Va. 1, 7 (1949). The defendant must have had time to avoid the accident. *Simmers v. Depoy*, 212 Va. 447 (1971).

The jury was instructed on the duty owed by Lowe's to its customers. Jury Instruction No. 10A, 11, 12, 13. The evidence justified an instruction on contributory negligence. Although the defendant's employee did not testify, the jury had before it not only testimony as to the condition of the lumberyard but the method of movement through the yard.

The Court believes that the issues of negligence and contributory negligence were properly left to the jury and that it properly refused an instruction on the doctrine of last clear chance. Accordingly, the motion of the plaintiff to set aside the jury verdict and for a new trial and to further reconsider the prior ruling of the Court denying said motion is *denied*. Mr. Sutherland may draw a Final Order confirming the jury verdict to which Mr. Campbell may note his exception.