Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 022776  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    October 31, 2003
RICHARD WAYNE NUCKLES

           FROM THE COURT OF APPEALS OF VIRGINIA


     The Commonwealth of Virginia challenges the judgment

of the Court of Appeals of Virginia reversing the trial

court's conviction of Richard Wayne Nuckles ("Nuckles") for

grand larceny.  The Court of Appeals held that the

Commonwealth failed to prove that Breeden Mechanical, Inc.

("Breeden"), was a corporation, as alleged in the

indictment.  Nuckles v. Commonwealth, No. 2570-01-4 (Va.

Ct. App. Nov. 5, 2002).  Because we conclude that proof of

Breeden's corporate status was not necessary to identify

Breeden as the victim of the larceny or to establish an

element of the offense, and that the Commonwealth proved

that Breeden owned the stolen property, we will reverse the

judgment of the Court of Appeals and reinstate the

defendant's conviction.

           MATERIAL FACTS AND PROCEEDINGS

     The indictment charging Nuckles with grand larceny

alleged that

          [o]n or about November 8, 1998, in the County of
     Warren, Richard Wayne Nuckles did unlawfully and

feloniously take, steal, and carry away the goods and chattels of Breeden Mechanical Inc., in violation of Section 18.2-95 of the Code of Virginia, 1950, as amended.

Nuckles was convicted in the Circuit Court of Warren County of the charged offense and sentenced to four years of incarceration, with one year suspended.

The evidence at trial showed that Nuckles worked for Breeden for approximately a month. Breeden performed plumbing services and hired Nuckles to work as a plumbing foreman. Breeden provided Nuckles with a "company truck," equipped with all the supplies and tools needed to work on plumbing jobs, as Breeden does for anyone it hires as a plumbing foreman. The truck, with "Breeden Mechanical all over both sides," belonged to Breeden and was "given" to Nuckles "to use on the job and drive back and forwards from home." "Breeden Mechanical own[ed] the tools," as well as the truck, according to the testimony of Nuckles' supervisor.

Nuckles advised his supervisor on a Friday that he had not been at work all week because of his mother's illness. Although Nuckles indicated that he would be at work on the next Monday, he never returned to work at Breeden. Soon thereafter, several Breeden employees, at the direction of Nuckles' supervisor, went to Nuckles' residence to retrieve

Breeden's truck.  When the truck was recovered, the "Breeden Mechanical" sign on the side of the truck could no longer be seen because it had "duct tape over it."  All the supplies and tools were missing from the truck.  Nuckles' supervisor testified that Nuckles did not have any authority to dispose of the tools.

Nuckles appealed his conviction to the Court of Appeals, contending that the evidence was not sufficient to prove that the owner of the stolen goods was a corporate entity as alleged in the indictment.  The Court of Appeals agreed and reversed the trial court's judgment.  The Court of Appeals found that the term "Inc." could not be dismissed as "surplusage" under Code § 19.2-226(9) "because it described, limited, and qualified that which was necessary to charge."  Nuckles, slip op. at 4.  In conclusion, the Court of Appeals held that the Commonwealth failed "to prove beyond a reasonable doubt that appellant stole property belonging to Breeden Mechanical Inc."  Id. The Commonwealth appeals from the judgment of the Court of Appeals.

### ANALYSIS

The issue in this case is whether the Commonwealth had to prove the corporate status of the victim in this prosecution for larceny.  The Commonwealth contends that

3

the Court of Appeals erred in holding that it was required to establish that Breeden was actually incorporated at the time of the offense. The Commonwealth argues that, once it proved that Breeden's property was stolen, proof of Breeden's corporate status was irrelevant.

In response, Nuckles asserts that the burden was on the Commonwealth to prove that corporate property was stolen and that it failed to do so. Because the entity alleged in the indictment was "Breeden Mechanical Inc.," Nuckles argues that evidence of Breeden's corporate status was required to sustain his conviction for larceny. In Nuckles' words, "the Commonwealth was well aware that the 'victim' in this case [w]as a corporation as evidenced by the indictment and simply tried to take a shortcut by having the superintendent testify to ownership."

In Gardner v. Commonwealth, 262 Va. 18, 25, 546 S.E.2d 686, 690 (2001), this Court vacated a defendant's conviction and dismissed an indictment because a "fatal variance" existed between the indictment and the evidence. The defendant in that case was charged with obtaining United States currency by false pretenses in violation of Code § 18.2-178. Id. at 19, 546 S.E.2d at 686. Because the indictment alleged that the property belonged to George Gardner, the issue centered on whether the owner of the

4

currency was the bank account depositor, Gardner, or the bank from which the money was obtained.  Id. at 19-20, 546 S.E.2d at 687.  We held that "when the Commonwealth alleged in the indictment that the money obtained by the defendant was the property of George Gardner but the evidence showed the money was the property of the bank, it proved a different offense, resulting in a fatal variance."  Id. at 25, 546 S.E.2d at 690.

In an earlier analogous case, we held that a fatal variance existed between the allegation in an indictment charging a defendant with shooting into the residence of Edna Harper and the evidence showing that the defendant actually shot into the residence of Alberta Riddick. Etheridge v. Commonwealth, 210 Va. 328, 330, 171 S.E.2d 190, 191-92 (1969).  We stated that, while it was necessary for the Commonwealth to allege in the indictment that the defendant shot into an occupied dwelling house, the additional allegation that the dwelling house was that of Edna Harper "described, limited, and qualified that which was necessary to be alleged, and the added language [could not], therefore, be treated as surplusage."  Id., 171 S.E.2d at 192; cf. Alston v. Commonwealth, 32 Va. App. 661, 666, 529 S.E.2d 851, 854 (2000) (holding that, in an indictment for maliciously burning a dwelling house, an

allegation regarding ownership of the house was immaterial to the offense).

Our holding in both <u>Gardner</u> and <u>Etheridge</u> relied on the following principle:

> If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage. The offense as charged must be proved.

<u>Mitchell v. Commonwealth</u>, 141 Va. 541, 560, 127 S.E. 368, 374 (1925). As noted by the Commonwealth on brief, the unnecessary language found in the indictment in <u>Mitchell</u>, that the defendant made "a <u>false and fraudulent</u> entry in the ledger account of the accused with the bank," described the manner in which the defendant committed the crime. <u>Id.</u> at 553, 127 S.E. at 372. Thus, we held that, since "the Commonwealth elected to restrict the prosecution to a 'false and fraudulent' entry," it was "bound to sustain the allegation by proof." <u>Id.</u> at 560, 127 S.E. at 374. Similarly, the words at issue in <u>Gardner</u> and <u>Etheridge</u> were not surplusage because they were descriptive of the offense charged, namely the identity of the victim, but the evidence pointed to a different victim, thus creating a fatal variance.

Here, we agree with the observation of the Court of Appeals that the "term 'Inc.' has legal meaning and significance." Nuckles, slip op. at 4. However, the significance of the term relates solely to the legal status of the victim and not to the identity of the victim or the manner in which the crime was committed as was the situation in Gardner and Etheridge, and in Mitchell, respectively. Proof that Breeden was incorporated at the time of the offense was not necessary to identify Breeden as the victim of this larceny, nor was Breeden's corporate status an element of the offense. Inclusion of the term "Inc." in Breeden's name merely reflected the requirement found in Code § 13.1-630 that a corporate name shall include one of several listed words or abbreviations, the term "Inc." being one of the options.

Furthermore, the evidence at trial established the identity of the victim in this case. Nuckles' supervisor testified that Breeden owned the truck and the tools that had been supplied to Nuckles but were not returned by him. The identification of Breeden as the owner of the stolen property was not limited or qualified by its corporate status. Thus, we hold that the term "Inc." was surplusage in this case. There was no fatal variance between the indictment and the proof at trial.

7

For these reasons, we will reverse the judgment of the Court of Appeals and reinstate the defendant's conviction.

<u>Reversed and final judgment</u>.