COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


GARY WALTER WRIGHT
                                                          OPINION BY
v.        Record No. 0010-06-3            JUDGE ROBERT J. HUMPHREYS
                                                          FEBRUARY 20, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                              Michael S. Irvine, Judge

        (Joshua O. Elrod; Mann Vita & Elrod, P.L.L.C., on brief), for
        appellant.  Appellant submitting on brief.

        Eugene Murphy, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Gary Wright ("Wright") appeals his convictions for petit larceny third or subsequent

offense and common law burglary, in violation of Code § 18.2-89.  He argues (1) that the

evidence was insufficient to support his larceny conviction, and (2) that the evidence was

insufficient to support the burglary conviction, because the evidence did not prove that the

offense occurred "in the nighttime."  We disagree with his first contention and agree with his

second.  Therefore, we affirm the trial court's decision with regard to the larceny conviction, and

reverse the judgment of the trial court with regard to the conviction for common law burglary.

                                    BACKGROUND

        When the sufficiency of the evidence is challenged on appeal in a criminal case, the

appellate court reviews the evidence "in the light most favorable to the Commonwealth," as the

prevailing party below, giving "it all reasonable inferences fairly deducible therefrom."

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So viewed,

the evidence proved that on May 6, 2004, Winfred Isgatt ("Isgatt") arrived at his cottage in Bratton's Run. Upon entering, he found the back door open, and realized that one or more people had burglarized his home. The apparent point of entry was through a window that Isgatt left open. Missing from his cottage were money, eight cases of beer, four bottles of wine, food, tools, vacuum cleaners, a thermometer, and other items.

Investigator Steve Funkhouser ("Funkhouser") took a report from Isgatt. His investigation led him to Kimberly Gum ("Gum"), who admitted her involvement in the burglary.[1] She also implicated Wright, as well as his girlfriend, Robin Sweringen ("Sweringen"). Both Wright and Sweringen denied involvement in the incident. Gum indicated that she went by Wright's and Sweringen's trailer early on the morning of the incident. The three left in Gum's car, and stopped on the side of the road by Isgatt's cottage because the car was beginning to run out of gas. They saw what looked like a gas can nearby, so they approached the house. Once they reached the house, Gum decided to go inside, and Wright helped her through the window.[2] Gum, in turn, unlocked the door, and let Wright in to the cottage. Wright opened the refrigerator, and began to take various items. Gum took wine and the vacuum cleaners.[3] A grand jury indicted Wright on one count of common law burglary, and

---

[1] In addition, Gum provided Funkhouser with two vacuum cleaners that were missing from the house.

[2] Wright testified that he went with Gum to the Isgatt cottage, but never left the car. He said he went with Gum in order to buy beer and cigarettes in nearby Goshen, and was just "along for the ride." When Gum pulled over beside the Isgatt cottage, Gum "just jumped out the car [sic] real quick, and said I'll be back in just a second." Wright admitted that he saw Gum come back to the car with a "box or two of beer" before they left. Because the evidence must be viewed in the light most favorable to the Commonwealth, any discrepancies between Wright's and Gum's testimony must be resolved in favor of the Commonwealth. See Higginbotham, 216 Va. at 352, 218 S.E.2d at 537.

[3] She acknowledged that she was under the influence of methamphetamine, or "crank," when she went into the house. She also acknowledged that she had already pleaded guilty to burglary stemming from this incident, but had not yet been sentenced.

one count of petit larceny third or subsequent offense. Wright pled not guilty, and chose to be tried by the court. After the close of all the evidence, Wright moved to strike, arguing that the Commonwealth failed to prove that the offense occurred during the nighttime. In fact, Wright argued, the sum of the testimony indicated that the offense occurred during the daytime. Wright conceded that as to the sufficiency of the remaining evidence, the only issue was the credibility of the witnesses, specifically Gum.

The trial court ruled that proof of the breaking occurring during the nighttime was not necessary for a conviction of common law burglary and, therefore denied the motion. Finding Gum's testimony credible and Wright's incredible, the trial court convicted Wright of common law burglary and petit larceny third or subsequent offense.

ANALYSIS

Wright argues on appeal that the evidence was insufficient to convict him of common law burglary and petit larceny third or subsequent offense. He argues that his conviction was based mostly on Gum's testimony, which is inherently incredible. He also asserts that the evidence did not prove that the burglary occurred during the nighttime. We reject the first argument and agree with the second.

I. The Sufficiency of the Evidence Generally

In addressing the sufficiency of the evidence in a criminal case, the proper standard of review requires an appellate court to "presume the judgment of the trial court to be correct," and to reverse such decision only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). Therefore, an appellate court does not "substitute [its] judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the

- 3 -

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Wright contends that the evidence is insufficient to support his convictions because of Gum's mental state at the time of the offense. Wright argues that Gum, who was the only witness that implicated Wright in the crime, had been up all night doing "crank" and had problems "remembering either her motivation or the specifics of her crimes." Wright therefore reasons that the evidence was not established beyond a reasonable doubt.

Wright, in essence, is asking this Court to act as a finder of fact, and judge Gum's credibility for ourselves. This we may not do. "It is the province of the [trial court], rather than an appellate court, to weigh the facts and to judge the credibility of the various lay and expert witnesses." Commonwealth v. Presley, 256 Va. 465, 470, 507 S.E.2d 72, 75 (1998). The trial court stated that it found Gum's testimony to be credible, and convicted Wright accordingly.[4] In fact, when announcing its decision, the trial court specifically said it "just [does not] think [Wright's] story [is] credible." As there was evidence to support the trial court's conclusion, we will not "'substitute [our] own judgment for that of the [trial court], even if [we] might have reached a different conclusion.'" Presley, 256 Va. at 466, 507 S.E.2d at 72 (quoting Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)).

---

[4] In finding Wright guilty, the trial court also mentioned Wright's inconsistencies between his statement to Funkhouser and his testimony in court, as well as Wright's overall lack of credibility with regard to his testimony.

## II. Whether the Offense Must Occur "In the Nighttime"

Wright also argues that the Commonwealth never proved that the burglary occurred during the nighttime, as required by Code § 18.2-89, and thus the evidence was insufficient to support his conviction. Because this is a question of law involving the construction and application of Code § 18.2-89, we review the trial court's determination *de novo*. See <u>Ainslie v. Inman</u>, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003).

The principle is well established that "words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." <u>Grant v. Commonwealth</u>, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). We also heed the fundamental principle of statutory construction *expressio unius est exclusio alterius*, or "'where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.'" <u>Conkling v. Commonwealth</u>, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting <u>Commonwealth v. Brown</u>, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000)).

Code § 18.2-89 provides, in pertinent part: "If any person break and enter the dwelling house of another *in the nighttime* with intent to commit a felony or any larceny therein, he shall be guilty of burglary." (Emphasis added.) The common law definition of "night" was "that time after sunset and before sunrise when it is so dark that a man's face cannot be identified except by artificial light or moonlight." 13 Am. Jur. 2d <u>Burglary</u> § 22 (2006). Presently, however, "night" is generally defined as "the time from sunset to sunrise." <u>Black's Law Dictionary</u> 1071 (8th ed. 2004). As the statute clearly mentions "nighttime," and not the words "daytime," we hold that the General Assembly did not intend for any time other than the hours from sunset to sunrise to be included within the scope of the statute. See <u>Conkling</u>, 45 Va. App. at 522, 612 S.E.2d at 237. In this case, Gum testified that the offense occurred during the day. Furthermore, the Commonwealth concedes that the trial court committed reversible error. Thus, we hold that the

evidence was insufficient to convict Wright of common law burglary, and we vacate that conviction.

However, the Commonwealth submits that statutory burglary is a lesser-included offense of common law burglary and that the case should be remanded for a new trial on this charge.[5]

We will first address whether statutory burglary is a lesser-included offense of common law burglary, as defined in Code § 18.2-89.

"A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (citing Sansone v. United States, 380 U.S. 343, 349-50 (1963)).[6] "Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." Id. Applying this test, we hold that statutory burglary is a lesser-included offense of common law burglary.

---

[5] We held in Crowder v. Commonwealth, 41 Va. App. 658, 666, 588 S.E.2d 384, 388 (2003) that,

> [w]hen an appellant successfully challenges the sufficiency of the evidence on some (but not all) aspects of his conviction, we must determine if the proven elements of the original charge qualify as a lesser–included offense. If so, the appropriate remedy on appeal is a reversal of the conviction on the greater charge and a remand of the lesser charge for retrial–assuming the Commonwealth, in its prosecutorial discretion, chooses to go forward on the lesser charge. See generally Gorham v. Commonwealth, 15 Va. App. 673, 678, 426 S.E.2d 493, 496 (1993) (observing that the "consistent practice in Virginia, when the evidence is found insufficient to sustain a felony conviction on appeal, but sufficient to sustain a conviction on a lesser-included misdemeanor offense, has been to remand the case for retrial on the lesser-included offense").

[6] See also Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000) ("[A]n offense is not a lesser-included offense if it contains an element that the charged offense does not contain.").

Code § 18.2-91 states in pertinent part:

> If any person [in the nighttime enters without breaking or in the daytime breaks and enters . . . a dwelling house . . . or at any time breaks and enters . . . any building permanently affixed to realty] with intent to commit larceny, he shall be guilty of statutory burglary.

We have held that a building permanently affixed to realty "necessarily includes any such structure used as a dwelling." Griffin v. Commonwealth, 13 Va. App. 409, 412, 412 S.E.2d 709, 711 (1991) (citing Graybeal v. Commonwealth, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985)). "Thus, whenever there is a breaking and entering of a dwelling with a larcenous intent, the timing of the offense is not an essential element of the offense [of statutory burglary]." Id.

In contrast, as discussed above, nighttime is an essential element of common law burglary. See Code § 18.2-89. The additional element requiring that the offense take place in the nighttime is therefore the only distinction between the two forms of burglary. In other words, to prove common law burglary, the Commonwealth must prove one additional element — that the offense occurred in the nighttime. Accordingly, the elements of statutory burglary are a subset of the elements of common law burglary and, thus, statutory burglary is a lesser-included offense of common law burglary.[7]

Therefore, because we hold that the evidence was insufficient to establish common law burglary, and because we hold that statutory burglary is a lesser-included offense of common law burglary, we vacate Wright's conviction on common law burglary, and remand this case to the trial court.

---

[7] We note that our recent decision in Scott v. Commonwealth, 49 Va. App. 68, 77, 636 S.E.2d 893, 897 (2006), held that statutory burglary "entering in the nighttime," and statutory burglary "breaking and entering anytime," were not lesser-included offenses within one another, as each offense required proof of an element that the other did not. In the present case, we hold that statutory burglary is a lesser-included offense of *common law burglary*, which requires the proof of only one additional element, namely that the offense occurred during the nighttime.

As noted above, the Commonwealth asks us to remand the case for retrial on the lesser-included offense of statutory burglary. However, pursuant to the Supreme Court of Virginia's recent decision in <u>Commonwealth v. South</u>, 272 Va. 1, 630 S.E.2d 318 (2006), the elements of the lesser-included offense of statutory burglary having already been proven beyond a reasonable doubt in the trial court, we instead remand solely for a new *sentencing proceeding* on the offense of statutory burglary.[8] Under the holding in <u>South</u>, we now conclude that to be the appropriate remedy in such cases.

## CONCLUSION

Because the evidence is sufficient to support his conviction, we affirm Wright's conviction for petit larceny third or subsequent offense. However, because the evidence was insufficient to support Wright's conviction for common law burglary, we reverse that conviction and remand the case for a new sentencing proceeding on the lesser-included offense of statutory burglary. We also remand the larceny charge for a new sentencing proceeding, as the trial court sentenced Wright to ten years imprisonment for burglary, and a concurrent term of five years for larceny. The trial court then suspended six years of the total sentence. As the Commonwealth notes, the larceny sentence could either be interpreted as five years with one suspended, or fully suspended, hence we remand for the trial court to clarify the sentence.

<u>Affirmed in part, reversed in part, and remanded.</u>

---

[8]<u>See</u> <u>South</u>, 272 Va. at 1-2, 630 S.E.2d at 318-19 (remanding appellant's conviction to trial court for new sentencing proceeding upon showing that the evidence proved only a lesser-included offense).