COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued at Chesapeake, Virginia

BLANTON V. PURVY

v.         Record No. 0336-11-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE D. ARTHUR KELSEY
DECEMBER 13, 2011

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Westbrook J. Parker, Judge

Anthony N. Sylvester for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

The trial court found Blanton V. Purvy guilty of three counts of failing to register or

reregister as a violent sexual offender, a second or subsequent offense, in violation of Code

§ 18.2-472.1.  On appeal, Purvy argues (i) a fatal variance existed between his indictments and

the proof at trial, and (ii) the evidence was insufficient to convict him on the variant charges.

Agreeing with the first assertion, but disagreeing with the second, we reverse.

I.

FATAL VARIANCE BETWEEN PLEADING AND PROOF

A 1997 conviction for attempted rape deemed Purvy a violent sexual offender, requiring

him by statute to register and reregister with the Virginia State Police.  In 2010, a grand jury

issued seven indictments against Purvy, alleging that on various dates in 2009 he

> did unlawfully, feloniously and knowingly fail to register or re-
> register with the Virginia State Police for placement on the Sex
> Offender and Crimes Against Minor[s] Registry, after having been
> previously convicted of a sexually violent offense, in violation of
> §§ 18.2-472.1 of the Code of Virginia (1950) as amended.  This is
> a second or subsequent offense.

App. at 7-9.

During Purvy's arraignment at the start of trial, the clerk of court mistakenly read from an arrest warrant that alleged Purvy "knowingly provide[d] false information" on a registration form. Id. at 13-14. Purvy's counsel objected, pointing out that the indictment included no such allegation. The clerk thereafter corrected the mistake and arraigned Purvy on the indictment, which alleged only that he failed to "register or re-register" with the Virginia State Police. Id. at 14.

At trial, the Commonwealth presented evidence that Purvy regularly reregistered. But three of the reregistration forms he submitted, the Commonwealth argued, falsely identified his residence address. Purvy moved to strike the evidence, arguing the indictments alleged only that he failed to register or reregister, not that his reregistration forms contained inaccurate information. Id. at 79. Purvy's counsel explained:

> Failing to register is a crime. Failing or materially misrepresenting where one lives, which is arguably what the Commonwealth is purporting to demonstrate through its case, is a different charge and it's not declared, it's not on any of these indictments.

Id. In response, the trial court asked the prosecutor: "Is there a separate offense for failing to register truthfully?" Id. "We're looking that up right now," id., was the reply.

The prosecutor later summarized her argument this way: "Judge, he's charged with 18.2-472.1 and that states providing false information or failing to provide registration information; penalty; prima facie evidence and we'd argue that it would encompass then all of the listings underneath that code." Id. at 80. The prosecutor, however, failed to point out to the trial court that the indictments alleged only Purvy's failure "to register or re-register" in violation of Code § 18.2-472.1. Id. at 7-9.

After confirming Code § 18.2-472.1(B) included the separate crime of providing "materially false information" on the reregistration forms, the trial court denied the motion to strike. Hearing additional evidence from Purvy, the trial court then found him guilty of violating

- 2 -

Code § 18.2-472.1(B) by falsely stating his residence address on his July, August, and September 2009 reregistration forms.

On appeal, Purvy contends the Commonwealth indicted him for failing to register or reregister but obtained convictions on the theory that he provided false information in his reregistration forms. The charges are conceptually distinct, he argues, and an indictment charging one cannot support a conviction on the other. We agree.

The point of an indictment "is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser." King v. Commonwealth, 40 Va. App. 193, 198, 578 S.E.2d 803, 806 (2003) (quoting Sims v. Commonwealth, 28 Va. App. 611, 619, 507 S.E.2d 648, 652 (1998)). A variance occurs when the criminal pleadings differ from the proof at trial. Not every variance is fatal. A "non-fatal" variance is one that does not undermine the integrity of the trial and, thus, does not warrant a reversal on appeal. Morris v. Commonwealth, 33 Va. App. 664, 668-69, 536 S.E.2d 458, 460 (2000).

While "certainty to a reasonable extent is an essential requirement of criminal pleading," this principle should not lead to "the acquittal of guilty persons on account of some nice technical distinction between the offense charged and the offense proved against a person accused of crime." Lewis v. Commonwealth, 120 Va. 875, 880, 91 S.E. 174, 176 (1917) (citation omitted). For this reason, we "reject mere matters of form where no injury could have resulted therefrom to the accused." Hairston v. Commonwealth, 2 Va. App. 211, 214, 343 S.E.2d 355, 357 (1986); see also Jolly v. Commonwealth, 136 Va. 756, 762, 118 S.E. 109, 112 (1923) (ignoring "mere formal defects" in the indictment); Scott v. Commonwealth, 49 Va. App. 68, 73, 636 S.E.2d 893, 895 (2006) (providing examples of "[m]ere matters of form" that preclude dismissal of an indictment or reversal of a conviction); Griffin v. Commonwealth, 13

Va. App. 409, 411, 412 S.E.2d 709, 711 (1991) (dismissing "[m]ere matters of form" as the basis for finding a fatal variance).[1]

Often called a constructive amendment,[2] a fatal variance occurs where the indictment charges a wholly different offense than the one proved — like charging theft of money by false pretenses from one victim, while proving only theft by false pretenses from another victim, Gardner v. Commonwealth, 262 Va. 18, 546 S.E.2d 686 (2001), or charging a defendant with shooting into one person's residence, but proving instead that he shot into the residence of someone else, Etheridge v. Commonwealth, 210 Va. 328, 171 S.E.2d 190 (1969).

Because "[n]otice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits," Hairston, 2 Va. App. at 214, 343 S.E.2d at 357, a variance will be deemed fatal "only when the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." Stokes v. Commonwealth, 49 Va. App. 401, 406, 641 S.E.2d 780, 783 (2007) (citation omitted); see also Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984). In short, the "offense *as charged* must be proved." Mitchell v. Commonwealth, 141 Va. 541, 560, 127 S.E. 368, 374 (1925) (emphasis added).

In this case, the indictments charged Purvy with failing to "register or re-register . . . in violation of §§ 18.2-472.1 of the Code of Virginia (1950) as amended." App. at 7-9. Purvy was convicted, however, on the assertion that he "knowingly provide[d] materially false information"

---

[1] Defects that will not invalidate an indictment include "omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense," Code § 19.2-226(6), and omitting or inserting "any other words of mere form or surplusage," Code § 19.2-226(9).

[2] See United States v. Ashley, 606 F.3d 135, 141 (4th Cir. 2010); United States v. Roe, 606 F.3d 180, 189 (4th Cir. 2010); United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009); United States v. Perry, 560 F.3d 246, 255 (4th Cir. 2009); United States v. Lentz, 524 F.3d 501, 511 (4th Cir. 2008); United States v. Foster, 507 F.3d 233, 242 (4th Cir. 2007).

on his reregistration forms.  See Code § 18.2-472.1(B).  We cannot dismiss this difference as purely semantic.  The distinction seems to us intuitive and basic.  Lying on a reregistration form is different from failing to reregister in the first place.  One is a crime of commission, the other of omission.  To be sure, proof that an offender filed an inaccurate reregistration form disproves the assertion that he failed to file one at all.  Similarly, proof that an offender failed to file a reregistration form disproves the assertion that he provided inaccurate information on a form that he did not file.

The Commonwealth correctly points out that Code § 18.2-472.1(B) criminalizes both the commission and the omission, and that, in some ways, a fraudulent reregistration defeats the purpose of the statute just as much as an outright failure to reregister.  We agree.  The question for us, however, is not whether the statutory prohibitions are both important — they certainly are — but whether they are different.  We do not see how we could conclude otherwise.  The allegation in the indictments and the evidence presented at trial necessarily involve different fact patterns, dissimilar legal elements, and thus, conceptually distinct crimes.

The Commonwealth also observes that, as a general principle, an indictment citing a criminal statute incorporates its contents by reference.  Again, we agree.  See, e.g., Thomas v. Commonwealth, 37 Va. App. 748, 753, 561 S.E.2d 56, 58 (2002); Reed v. Commonwealth, 3 Va. App. 665, 667, 353 S.E.2d 166, 167-68 (1987); see also Alston v. Commonwealth, 32 Va. App. 661, 665, 529 S.E.2d 851, 853 (2000).  But when the descriptive text of an indictment *narrows* the factual allegation, it limits the scope of the incorporation.  See Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997); [3] cf. Hall v. Commonwealth, 8 Va. App. 350, 381 S.E.2d 512 (1989).  This result can easily be avoided by

---

[3] In Edwards v. Commonwealth, 41 Va. App. 752, 761-66, 589 S.E.2d 444, 448-51 (2003) (*en banc*), we overruled an unrelated aspect of Fontaine.

broadening the descriptive text of an indictment or by making disjunctive factual allegations. See, e.g., Scott, 49 Va. App. at 76, 636 S.E.2d at 897 (observing that the indictment in Fontaine "did not charge the defendant *generally* with hit and run in violation of Code § 46.2-894" (emphasis in original)). The indictments against Purvy, however, did neither.

Finally, the Commonwealth notes that "allegations in pleadings which are immaterial to the real issues in the case cannot form the basis of a claim that there is a fatal variance between allegation and proof." Simmers v. DePoy, 212 Va. 447, 450, 184 S.E.2d 776, 779 (1971) (citing Ransone v. Pankey, 189 Va. 200, 208, 52 S.E.2d 97, 101 (1949)). We fully accept this principle but find it inapplicable here. Where the indictment includes, as here, specific, narrowing language "descriptive of the offense charged," we cannot treat it as immaterial "surplusage." Commonwealth v. Nuckles, 266 Va. 519, 523, 587 S.E.2d 695, 697 (2003); see also Etheridge, 210 Va. at 330, 171 S.E.2d at 192.

In short, we hold a fatal variance existed between the indictments against Purvy and the proof offered by the prosecution at trial. For this reason, his convictions cannot stand.

II.

SUFFICIENCY OF THE EVIDENCE

Purvy also contends the evidence was insufficient to prove the unindicted variant offenses for which he was convicted — specifically, violating Code § 18.2-472.1(B) by "knowingly provid[ing] materially false information" in his July, August, and September 2009 reregistration forms. We assume Purvy "presses this separate challenge surely well aware of the 'venerable principle of double jeopardy jurisprudence,' that '[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge.'" United States v. Farr, 536 F.3d 1174, 1186 (10th Cir. 2008) (quoting United States v. Scott, 437 U.S. 82, 90-91 (1978)).

- 6 -

We thus address Purvy's insufficiency argument because, if successful, it might impose a double jeopardy bar to reprosecution under properly worded indictments. Compare Montana v. Hall, 481 U.S. 400, 404 (1987) (holding "[i]t is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument" in a case where the prosecution "relied on the wrong statute" in the charging instrument and the defendant could have been convicted on the right statute); Charles E. Torcia, Wharton's Criminal Law § 58, at 435-36 (15th ed. 1993) (recognizing double jeopardy bar is inapplicable "where a variance between indictment and proof necessitated prosecution under a new indictment"),[4] with Farr, 536 F.3d at 1186-87 (recognizing double jeopardy bar applies when the evidence is insufficient to reprosecute); United States v. Mize, 820 F.2d 118, 120 (5th Cir. 1987) (same).[5]

When presented with a sufficiency challenge on appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

Our appellate review, moreover, "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Perry v. Commonwealth, 280 Va. 572, 580, 701

---

[4] See Code § 19.2-293 ("A person acquitted of an offense on the ground of a variance between the allegations and the proof of the indictment or other accusation, or upon an exception to the form or substance thereof, may be arraigned again on a new indictment or other proper accusation, and tried and convicted for the same offense, notwithstanding such former acquittal."); see generally Dezfuli v. Commonwealth, 58 Va. App. 1, 8, 707 S.E.2d 1, 4 (2011) (analyzing constitutional double jeopardy principles where "the two offenses are different").

[5] We do not address whether Code § 19.2-294 would bar the Commonwealth from reindicting Purvy for "knowingly provid[ing] materially false information to the Sex Offender and Crimes Against Minors Registry" in violation of Code § 18.2-472.1(B). See generally Davis v. Commonwealth, 57 Va. App. 446, 458-59, 703 S.E.2d 259, 265 (2011) (explaining "same act" test for Code § 19.2-294's statutory bar to successive prosecutions).

S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id. (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586); see also Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

So viewed, the facts at Purvy's trial proved he filed "Re-registration and Address Verification Forms" with the Virginia State Police Sex Offender and Crimes Against Minors Registry in July, August, and September 2009. App. at 126-27, 134-35, 141-42. Each of these forms identified his residence on General Thomas Highway in Newsoms, Virginia. The evidence at trial established, however, that Purvy's landlord evicted him in December 2008. The state trooper investigating Purvy visited the Newsoms residence twice, beginning in April 2009, and found no evidence suggesting Purvy resided there. On each occasion, the trooper left his card and a note for Purvy to contact him. The new tenant advised the trooper that Purvy no longer lived there.

The trooper arrested Purvy in September 2009. After receiving his Miranda warnings, Purvy admitted he was no longer living at the Newsoms address and had not lived there since February 2009. Purvy said he had been staying wherever he could, including motels, friends' homes, and his storage locker. At the time of his arrest, Purvy stated, "he lived in Hampton" with a friend. Id. at 53, 54. The trooper asked Purvy if he realized that each form "he had signed verifying that he was living at the [Newsoms] address" was a "violation" of the reporting laws. Id. at 44. Purvy replied, "yes." Id. The supervisor of the Sex Offender and Crimes Against Minors Registry also testified that Purvy called in April 2009 to report he was leaving his residence, was staying "in a hotel or with a friend" for the night, and would "go to [a] law enforcement agency within three days to change his address as advised." Id. at 35.

At trial, Purvy took the stand in his own defense. He admitted being evicted from the Newsoms residence in December 2008, but claimed he stayed on the property "off and on," id. at 70, sleeping in his van, even though he had been working in Hampton since April 2009. Purvy said the trooper did not call him, but claimed he called the trooper after learning he was listed as "wanted" on the Registry's website. Id. at 63. He also alleged the Virginia State Police advised him to continue listing his Newsoms address as his residence until he found a new permanent residence.[6] He added that there were periods of time when he was essentially homeless.

We examine the trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (citation omitted). On appeal, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Cavazos v. Smith, 565 U.S. ___, 2011 U.S. LEXIS 7603, at *1 (2011) (reaffirming Jackson standard).

In this case, a rational factfinder could conclude Purvy did not reside at the Newsoms address in July, August, or September 2009, and thus violated Code § 18.2-472.1(B) by "knowingly provid[ing] materially false information" on his reregistration forms for those months. Purvy was evicted from the Newsoms residence in December 2008. The investigating trooper found no evidence, as of April 2009, that Purvy lived there. In April 2009, Purvy called

---

[6] Sitting as factfinder, the trial court "was at liberty to discount [defendant's] self-serving statements as little more than lying to conceal his guilt." Armstead v. Commonwealth, 56 Va. App. 569, 581, 695 S.E.2d 561, 567 (2010) (citation and internal quotation marks omitted).

the Registry, admitted he no longer lived at the Newsoms address, and stated his intent to "go to [a] law enforcement agency within three days to change his address as advised." App. at 35. During his interview with the trooper, moreover, Purvy said he realized he violated the law each time he filed a reregistration form claiming he resided at the Newsoms address.

On appeal, Purvy contends the evidence never proved he acquired a *new* permanent residence at any specific location — thus leaving him with no option but to continue listing his *old* Newsoms residence on his reregistration forms. In support, Purvy notes the General Assembly in 2010 amended the statute governing registration procedures. The amendment requires a homeless registrant to "designate a location that can be located with reasonable specificity where he resides or habitually locates himself." Code § 9.1-903(J). This new provision, Purvy reasons, implies that the prior statute (which Code § 18.2-472.1(B) enforces) authorized him to list his Newsoms address as his residence even after he stopped residing there.

The trial court found this logic flawed, as do we. Purvy was not convicted for failing to identify his *true* (whether temporary or permanent) residence on his reregistration forms. He was convicted for affirmatively identifying an *untrue* residence. In July, August, and September 2009, Purvy did not reside at the Newsoms address. By saying that he did, Purvy knowingly provided false information on his July, August, and September 2009 reregistration forms. It is immaterial which of his other, arguably temporary residences, should have been identified. What matters is that he could not continue to identify a residence where he knew he did not reside. The evidence, therefore, amply supports the trial court's conclusion that Purvy violated Code § 18.2-472.1(B).

## III.

Though we find the evidence sufficient to convict Purvy for "knowingly provid[ing] materially false information" on his reregistration forms, Code § 18.2-472.1(B), the indictments

charged him only with failing to "register or re-register" in violation of Code § 18.2-472.1(B). Because a fatal variance existed between his indictments and the proof supporting Purvy's convictions, we reverse Purvy's convictions.

<u>Reversed.</u>