COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

DERRICK BRANDON GRAHAM

MEMORANDUM OPINION[*] BY
v.        Record No. 0240-12-2                              JUDGE LARRY G. ELDER
APRIL 2, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

David R. DuBose for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Derrick Brandon Graham (appellant) appeals from his bench trial convictions for

statutory burglary in violation of Code § 18.2-91 and conspiracy to commit burglary in violation

of Code § 18.2-22.[1]  On appeal, he argues the evidence was insufficient to support a finding that

the entry occurred in the nighttime, as alleged in the indictments for both offenses.  We agree.

Therefore, we reverse and dismiss the challenged convictions.

I.

BACKGROUND

The indictment against appellant for statutory burglary charged, in relevant part, that he

"did, on or about August 21, 2010, . . . unlawfully and feloniously, enter in the nighttime the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court denied appellant's assignment of error relating to his convictions of grand
larceny and conspiracy to commit grand larceny at the petition stage.  Thus, those convictions
are not before us at this stage of the appeal.

UNPUBLISHED

dwelling house . . . of Christopher Walton with the intent to commit larceny or a felony therein." The indictment against appellant for conspiracy to commit burglary charged that he "did . . . conspire" to engage in that same behavior.

At trial, the evidence, viewed in the light most favorable to the Commonwealth, see, e.g., Rawls v. Commonwealth, 272 Va. 334, 340, 634 S.E.2d 697, 699 (2006), established that appellant and a co-conspirator entered a home during the owners' absence and stole property. Christopher Walton testified that he and his wife left their house on August 21, 2010, around 6:30 p.m. and returned around 11:30 that night. During their absence, someone had stolen cash, jewelry, and two safes from the home.

Cindy Bonds testified that she had previously discussed with appellant "going to" the Waltons' house. Around 6:00 p.m., she learned the Waltons were leaving town, and she texted appellant and Laura Yonan with that information. Bonds saw appellant and Yonan later. She saw safes in the car they were driving that she recognized from the Waltons' house.

Christopher Walton testified that it was daylight when he and his wife left their home. When the Commonwealth asked Bonds about the events relating to the larceny, the Commonwealth referenced the "night" three times and the "afternoon" once. Bonds responded regarding what events occurred but gave no testimony about precisely when they occurred.

At the close of the Commonwealth's evidence and again at the close of all the evidence, appellant moved to strike the evidence as to the burglary and conspiracy charges, arguing the Commonwealth failed to prove the entry occurred at nighttime, as charged in the indictment. The trial court denied both motions.

The trial court convicted appellant of statutory burglary and conspiracy to commit statutory burglary, sentencing him to ten years' incarceration on each charge, all suspended.

II.

ANALYSIS

When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless it is plainly wrong or without evidence to support it. E.g., Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. E.g., Commonwealth v. McNeal, 282 Va. 16, 21, 710 S.E.2d 733, 736 (2011).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983); see Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (noting the "statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt"). If the Commonwealth fails to establish any fact necessary to prove an element of the charged offense, the evidence is insufficient as a matter of law to support the conviction. See Powell v. Commonwealth, 31 Va. App. 167, 173, 521 S.E.2d 787, 790 (1999).

A. STATUTORY BURGLARY

Code § 18.2-90 provides, in pertinent part, "If any person . . . in the nighttime enters without breaking or in the daytime breaks and enters . . . a dwelling house . . . he shall be deemed guilty of statutory burglary." Pursuant to Code § 18.2-91, "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny . . . he shall [also] be guilty of statutory burglary." Thus, one commits statutory burglary under these code sections when one either enters in the nighttime or enters after breaking at any time. See Code § 18.2-90; Griffin v.

- 3 -

Commonwealth, 13 Va. App. 409, 411-12, 412 S.E.2d 709, 711 (1991).   In this context, "the

nighttime" means "the hours from sunset to sunrise."   Wright v. Commonwealth, 49 Va. App.

312, 318-19, 641 S.E.2d 119, 122 (2007).

"'An indictment is a written accusation of a crime and is intended to inform the accused

of the nature and cause of the accusation against him.'"   Scott v. Commonwealth, 49 Va. App.

68, 73, 636 S.E.2d 893, 895 (2006) (quoting Hairston v. Commonwealth, 2 Va. App. 211, 213,

343 S.E.2d 355, 357 (1986)).   Where, as here, an indictment charges that a defendant "entered in

the nighttime," and does not allege a breaking and entering, the Commonwealth must prove that

the offense occurred in the nighttime.[2]  Id. at 74-77, 636 S.E.2d at 896-97 (holding a fatal

variance existed between the crime defined in the indictment and the proof presented where the

indictment alleged entering in the nighttime and the Commonwealth proved the defendant broke

and entered in the day).

The evidence showed that Bonds informed appellant of the Waltons' departure and that

appellant and Yonan entered the house sometime while the house was empty, between 6:30 and

11:30 p.m.  Bonds' testimony did not clarify the timing of appellant's entry into the house.  The

trial court did not take judicial notice of what time sunset occurred on August 21, 2010, in

Hanover County.  See Wright, 49 Va. App. at 318-19, 641 S.E.2d at 122.  These circumstances

fail to prove that appellant entered the house during the nighttime.  Because a reasonable

hypothesis exists that appellant entered during daylight, the evidence is insufficient to support his

burglary conviction.

---

[2] Code § 18.2-90 also makes it a crime to break and enter a dwelling house in the daytime.  Despite the fact that the evidence established that a breaking occurred when appellant entered a locked door by using a passcode provided by Bonds, the Commonwealth did not allege in the indictment that a breaking had occurred.  Furthermore, the Commonwealth did not seek to amend the indictment to conform to the proof, as permitted by Code § 19.2-231.  Therefore, the Commonwealth was required to prove the specific elements alleged in the indictment. Purvy v. Commonwealth, 59 Va. App. 260, 266, 717 S.E.2d 847, 850 (2011).

## B. CONSPIRACY[3]

A conspiracy is "'an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)).  The crime is "complete when the parties agree to commit an offense," and "no overt act in furtherance of the underlying crime is necessary." Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000).

The Commonwealth may, and frequently must, rely on circumstantial evidence to establish the existence of a conspiracy.  See Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992).  Although no overt act is necessary to establish a conspiracy, such an act may support a finding of the existence of a conspiracy, Poole v. Commonwealth, 7 Va. App. 510, 513, 375 S.E.2d 371, 372 (1988) (quoting United States v. Harris, 433 F.2d 333, 335 (4th Cir. 1970)), and "a common purpose and plan may be inferred from a 'development and collocation of circumstances,'" Floyd v. Commonwealth, 219 Va. 575, 581, 249 S.E.2d 171, 175 (1978) (quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir. 1966)).

The direct testimony from Bonds about the conversations regarding "going to" the Waltons' house did not include any reference to the period of time in which they planned to go.  If the evidence had shown that appellant and Yonan entered the house during the nighttime, that act would have been sufficient for the trial court to infer they had a plan to do so.  Although the evidence supported a finding that the parties agreed to enter the Waltons' house in order to

---

[3] The Commonwealth contends that the conspiracy conviction is not before this Court, because the assignment of error solely encompasses the burglary conviction.  We hold the assignment of error adequately raises the sufficiency argument as to both the burglary and conspiracy convictions under Rule 5A:12(c)(1).

commit larceny, it did not establish that they agreed to enter the house at night.  Therefore, the evidence was insufficient to support appellant's conviction for conspiracy to commit burglary.

We note that generally, "an indictment citing a criminal statute incorporates its contents by reference."  Purvy v.  Commonwealth, 59 Va. App. 260, 268, 717 S.E.2d 847, 851 (2011).  However,

> when the descriptive text of an indictment *narrows* the factual allegation, it limits the scope of the incorporation.  See Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 245 (1997) . . . . This result can easily be avoided by broadening the descriptive text of an indictment or by making disjunctive factual allegations. . . . The indictments against [appellant], however, did neither.
>
> . . . Where the indictment includes, as here, specific, narrowing language "descriptive of the offense charged," we cannot treat it as immaterial "surplusage."  Commonwealth v. Nuckles, 266 Va. 519, 523, 587 S.E.2d 695, 697 (2003). . . .

Id. at 268-69, 717 S.E.2d at 851 (citations omitted).

### III.

For these reasons, we hold that the evidence failed to establish that the illegal entry occurred in the nighttime or that appellant and Yonan conspired to enter the house at nighttime.  Thus, the evidence was not sufficient to support the convictions for statutory burglary and conspiracy to commit burglary, and we reverse and dismiss appellant's convictions.

Reversed and dismissed.