UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Athey and Fulton
Argued by videoconference

TYSHAWN LEE BROWN

MEMORANDUM OPINION* BY
v.        Record No. 0562-21-2        JUDGE CLIFFORD L. ATHEY, JR.
MAY 17, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

Kelsey Bulger, Senior Assistant Public Defender, for appellant.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Tyshawn Lee Brown ("Brown"), following a bench trial, appeals from his conviction of one

count of abduction by force or intimidation in violation of Code § 18.2-47, and one count of use of a

firearm in the commission of a felony, first offense, in violation of Code § 18.2-53.1.  Brown

contends that there was a fatal variance between the alleged crime in the indictment and the

evidence adduced at trial, requiring reversal.  He also contends that because the fatal variance results

in the reversal of his felony conviction, the evidence was insufficient to support his conviction for

use of a firearm in the commission of a felony.  Because we hold that any variance here was not

fatal, we affirm both of Brown's convictions.

I. BACKGROUND

On November 18, 2019, Victoria Chiasson ("Chiasson") and her minor child D.S. were

living in an apartment together with Brown.  That evening, when Chiasson returned to their

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

apartment, Brown was "standing at the doorway" wanting to further discuss a recent argument. After putting D.S. to bed, Chiasson and Brown went into the bedroom they shared, whereupon Brown asked Chiasson if she "want[ed] to be with [him] anymore." When Chiasson responded that she did not want to be with him, Brown "ran and threw" her in the bedroom closet, resulting in Chiasson hitting her head inside. Brown then proceeded to punch Chiasson "in [the] face five or six times" while she was still inside the closet.

Brown then backed away from Chiasson, but when she attempted to crawl out of the closet, Brown grabbed his gun and fired at Chiasson approximately eight times. Chiasson was shot in the elbow, back, and waist. As a result, she "went black" but reawakened to find that Brown had left the bedroom. D.S. told her mother to crawl to her, which Chiasson attempted to do. At this point, Brown reentered and exited the bedroom multiple times while asking Chiasson for her cell phone. Brown eventually retrieved the cell phone and left the bedroom. Next, Brown called someone on a cell phone and told them that he had "killed [Chiasson]" while simultaneously placing the phone in Chiasson's face while she screamed out in agony.

While Brown was "hovering over [Chiasson]," she begged him to let her live, and eventually convinced him to let her call the police to report that there was an intruder in their apartment. When the police arrived, Brown answered the door to the apartment and told the police that the individual who shot Chiasson had broken into their apartment and then fled the scene. Following this initial contact with the police, they detained Brown as they entered the apartment.

Petersburg Police Officer Lacy Funderburke ("Officer Funderburke") located Chiasson lying on the floor in the bedroom. While Officer Funderburke was attempting to stem the blood flow from Chiasson's gunshot wounds, Chiasson identified Brown as the person who shot her. Chiasson was subsequently transported to the hospital for treatment while Officer Funderburke interviewed Brown. Brown initially stated again that an intruder was in their apartment and ran off

after shooting Chiasson.  He later admitted that he was the one who shot her because "they were breaking up" and she was "trying to leave him."

Brown was subsequently indicted for felony abduction and the use of a firearm in the commission of a felony.  The indictment for abduction stated:

> On or about November 18, 2019 in the said City of Petersburg, and within the jurisdiction of the Circuit Court of The City of Petersburg, TYSHAWN BROWN, did by force, threat, intimidation, or deception and without legal justification or excuse, seize, take, transport, detain, or secrete the person of Victoria Chiasson and C.S.[1] (a minor), with intent to deprive him/her of his/her personal liberty, in violation of § 18.2-47 of the Code of Virginia (1950) as amended.

At trial, following the close of the Commonwealth's evidence, Brown moved to strike, arguing that there was a fatal variance between the indictment for abduction and the evidence presented at trial because the Commonwealth failed to prove that Brown abducted both Chiasson and her minor child, D.S.  Because of the language in the indictment, Brown argued that the Commonwealth was required to prove that he abducted both Chiasson and her child since their names were listed in the indictment in the conjunctive.  The trial court held that while there was insufficient evidence to convict Brown of abducting D.S., there was not a fatal variance "because what follows [Chiasson and her child's names are] pronouns that are singular, not plural."  The trial court went on to state that the Commonwealth was only required to show that Brown abducted "one of those people."

Brown also contended that the evidence was insufficient to convict him of abducting Chiasson, stating that the detention was not separate and distinct from his malicious wounding

---

[1] For the first time on appeal, Brown points out that the indictment states the minor child's name was C.S. when the child's name was in fact D.S.  The record reflects that both parties understood C.S. referred to D.S.  Brown did not object to this misnomer, and the child's identity was clear to both parties at trial.  *Bassett v. Commonwealth*, 222 Va. 844, 855 (1981) ("Misnomer of a victim is not fatal when the victim's identity is made clear at trial.").  Regardless, Brown was not convicted of abducting D.S.

charge. The trial court held that there was sufficient evidence to convict Brown of the abduction of Chiasson, finding that there were two distinct abductions: (1) when Brown kept Chiasson in the closet, and (2) when Brown forced her to stay in the bedroom on the floor. The trial court also found it significant that the altercation occurred because Chiasson was attempting to leave Brown, and by throwing Chiasson in a closet, standing in front of her, and hovering over her, he was clearly preventing her from leaving him. Brown's motion to strike was denied, and he was subsequently found guilty of the abduction of Chiasson and use of a firearm in the commission of the abduction.[2] This appeal followed.

## II. ANALYSIS

Brown argues, first, that there was a fatal variance between the allegations in the indictment and the crime proved at trial. Second, Brown contends that because of the fatal variance in the indictment, there was no felony abduction to support his conviction for use of a firearm in the commission of a felony. We hold that any variance is not fatal because Brown was not prejudiced by the indictment as written, and the inclusion of Chiasson's child in the indictment was merely a duplicitous charge. Additionally, because Brown does not meet the ends of justice exception, we do not reach the merits of his second assignment of error.

### A. *Fatal Variance*

The purpose of an indictment is to "give an accused notice of the nature and character of the accusations against him [so] he can adequately prepare to defend against his accuser." *King v. Commonwealth*, 40 Va. App. 193, 198 (2003) (quoting *Sims v. Commonwealth*, 28 Va. App. 611, 619 (1998)). "Notice to the accused of the offense charged against him is the rockbed requirement which insures the accused a fair and impartial trial on the merits and forms the key to the fatal

---

[2] Brown was also convicted of malicious wounding in violation of Code § 18.2-51, reckless handling of a firearm in violation of Code § 18.2-56.1, and another use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.

variance rule." *Hairston v. Commonwealth*, 2 Va. App. 211, 214 (1986). "A 'non-fatal' variance is one that does not undermine the integrity of the trial and, thus, does not warrant a reversal on appeal." *Purvy v. Commonwealth*, 59 Va. App. 260, 266 (2011) (citing *Morris v. Commonwealth*, 33 Va. App. 664, 668-69 (2000)).

An "essential requirement of [a] criminal pleading" is to provide "certainty to a reasonable extent." *Lewis v. Commonwealth*, 120 Va. 875, 880 (1917). We will not reverse a conviction "on account of some nice technical distinction between the offense charged and the offense proved against a person accused of a crime." *Id.* (quoting *Anable v. Commonwealth*, 65 Va. (24 Gratt.), 563, 580 (1873)). "[M]ere matters of form [will be rejected] where no injury could have resulted therefrom to the accused." *Griffin v. Commonwealth*, 13 Va. App. 409, 411 (1991) (alteration in original) (quoting *Mitchell v. Commonwealth*, 141 Va. 541, 558 (1925)).

A "fatal variance occurs where the indictment charges a wholly different offense than the one proved." *Purvy*, 59 Va. App. at 266. Reversal by this Court is warranted if the variance is one which "the proof is different from and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." *Stokes v. Commonwealth*, 49 Va. App. 401, 406 (2007). Generally, the indictment "as charged must be proved." *Mitchell*, 141 Va. at 560. Additional language in an indictment that is regarded as surplusage will not cause a fatal variance. *Id.* at 555. "If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage." *Id.* at 560.

Here, the indictment charged Brown with abducting Chiasson, followed by the conjunctive "and" Chiasson's child.[3] Because the indictment listed both Chiasson and her child in the

---

[3] Although entirely unnecessary for the Commonwealth to include Chiasson's child in the indictment alleging the abduction of Chiasson, once alerted to the variance, the Commonwealth failed to move to amend and the trial court did not so amend.

conjunctive, Brown argues that the Commonwealth was required to prove that Brown abducted both of them. To support his position, Brown points to *Etheridge v. Commonwealth*, 210 Va. 328, 329-30 (1969), where the defendant was charged in an indictment with shooting into a residence. The indictment named the person the residence belonged to, along with the address of the residence. *Id*. at 329. However, it was adduced at trial that although the defendant fired into a residence at the address listed in the indictment, the house was the residence of an individual other than the one named in the indictment. *Id.* at 330. The individual listed in the indictment as being the owner of the residence possessed another residence nearby. *Id.* The Supreme Court held that it was not necessary to allege whose residence was fired into, but because the indictment specified as such, the Commonwealth had the burden to prove that fact. *Id.*

In this case, however, the trial court found Brown guilty of abducting Chiasson, who was specified in the indictment. Brown has not argued that he was caught by surprise, or that the indictment as worded hindered his ability to raise a proper defense against abducting Chiasson. Instead, Brown makes a purely technical argument of fatal variance because of the inclusion of Chiasson's child in the indictment. This Court is not required to reverse when a variance is purely technical. *Lewis*, 120 Va. at 880. Notice is the foundation of fatal variance analysis, and here, Brown was put on notice that he would need to defend against the charge of abducting Chiasson because her name was specified in the abduction indictment. *See Hairston*, 2 Va. App. at 216.

Unlike *Etheridge*, where the indictment as worded and the evidence adduced at trial pointed to two separate locations simultaneously for one criminal act, here, there was no such confusion because the indictment specified the specific criminal act and location. 210 Va. at 329-30. Additionally, under Code § 18.2-47, the crime was complete when Brown abducted Chiasson alone. *See Hairston*, 2 Va. App. at 217-18 (holding that even though an indictment alleging robbery specified the ownership of property involved in the robbery, it was immaterial and not required to

prove because the crime was complete when the requirements of robbery were satisfied). A finding that Brown abducted multiple people is not required for conviction under Code § 18.2-47. Instead, the inclusion of Chiasson's child was simply a duplicitous charge. Because the integrity of the trial was not harmed by the inclusion of Chiasson's child in the indictment, we decline to hold that there is a fatal variance in this case as alleged by Brown and, therefore, the abduction conviction stands.

### B. *Use of a Firearm in the Commission of a Felony*

Brown also contends, for the first time on appeal, that the evidence was insufficient to support his conviction for use of a firearm in the commission of a felony under Code § 18.2-53.1. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Rule 5A:18. Brown requests that the ends of justice exception be applied. To apply the ends of justice exception, we must find that "the judgment of the trial court was error and application of the exception is necessary to avoid grave injustice or denial of essential rights." *Rowe v. Commonwealth*, 277 Va. 495, 503 (2009) (quoting *Charles v. Commonwealth*, 270 Va. 14, 17 (2005)).

To prove that a grave injustice has taken place, Brown must show that he "was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997). "Under the plain language of Code § 18.2-53.1, there can be no conviction for use or attempted use of a firearm when there has been no commission of one of the predicate offenses enumerated in that statute." *Jay v. Commonwealth*, 275 Va. 510, 527 (2008). Here, the trial court found that Brown abducted Chiasson, fulfilling the requirement that Brown committed an underlying felony. *See Davis v. Commonwealth*, 4 Va. App. 27, 31 (1987) (holding that a defendant may be convicted under Code § 18.2-53.1 if the Commonwealth proved beyond a reasonable doubt that the underlying felony occurred and that there was a use or display of a firearm while committing the underlying felony).

Because the predicate felony element under Code § 18.2-53.1 was met when the trial court concluded that Brown abducted Chiasson, we therefore decline to apply the ends of justice exception and this conviction stands as well. *See id.*

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's decision to convict Brown of both abduction and the use of a firearm in the commission of a felony.

*Affirmed.*