DUNG VAN PHAN

v.

COMMONWEALTH OF VIRGINIA

No. 1764-92-4

Decided May 17, 1994

COUNSEL

Glenn L. Clayton II (Clayton, Wilcox & Vergara, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Dung Van Phan (appellant) appeals from a judgment of the Circuit Court of Fairfax County (trial court) that approved jury verdicts convicting him of abduction, robbery, and use of a firearm in the commission of a felony. The sole issue presented for our review is whether the trial court erred when, on the morning of the scheduled trial prior to arraignment and jury selection, it permitted the Commonwealth to amend the robbery (Count VII) and use of a firearm (Count VIII) counts by changing the name of the victim from Luong Nguyen to Tuyet Nguyen, both of whom were present at the time and place the robbery is alleged to have occurred. Finding no error, we affirm.

At the March 1992 term of the grand jurors of the Commonwealth for Fairfax County, appellant was charged in an eight-count indictment for burglary, five counts of abduction, robbery, and use of a firearm in the commission of that robbery. The indictment alleged that the victim of the robbery and firearm use charge was Luong Nguyen. Trial on the charges was set and began on May 18, 1992.

On the morning of the trial, prior to arraignment and jury selection, the Commonwealth moved for permission to amend the robbery and firearm counts by deleting the name of Luong Nguyen as the victim and in its place, inserting the name of Luong's wife, Tuyet Nguyen. Counsel for appellant admitted that he was not surprised by this motion. In fact, he candidly stated that he had expected it. However, appellant objected to the change, asserting that it created a new offense which was not the subject of the arrest warrant, the preliminary hearing, or the indictment. Appellant did not ask for a continuance but further argued that the motion to amend was not timely made.

The Commonwealth argued, and appellant admitted, that the Commonwealth's evidence would show that appellant and three other persons on the night of the offenses entered the Nguyen home shared by Luong and Tuyet, their two children, and Luong's mother-in-law, tied up members of the family, took property from each of them, held them prisoners in the house overnight, and took Luong to his jewelry store, from which the robbers took other property. Appellant admitted that his defense to all the charges, including the amended robbery and firearm charge, would be mistaken identity and that the amended indictments would not change that defense.

Where there are variances between allegations made in indictments and the evidence to be offered in proof thereof, amendments may be made to the indictments, presentments, or informations, at any time before the jury returns a verdict or the court makes its guilt or innocence finding:

> If there be any defect in form in any indictment, presentment or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged. After any such amendment the accused shall be arraigned on the indictment, presentment or information as amended, and shall be allowed to plead anew thereto, if he so desires, and the trial shall proceed as if no amendment had been made; but if the court finds that such amendment operates as a surprise to the accused, he shall be entitled, upon request, to a continuance of the case for a reasonable time.

Code § 19.2-231. "The statute is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring [re-arrest and] re-indictment by a grand jury." *Willis v. Commonwealth*, 10 Va. App. 430, 437, 393 S.E.2d 405, 408 (1990).

Here, the indictments were sufficient to have prosecuted appellant for robbery and unlawful use of a firearm, and the amend-

ments did not change the nature or character of the acts the indictment alleged appellant had committed. The standard of proof remained the same, and appellant was not subjected to a more severe punishment than he faced prior to the amendments. Under the facts presented in this record, we find that Code § 19.2-231 permitted the amendments requested by the Commonwealth.

■ The specific issue in this case is one of first impression in the Commonwealth; however, prior decisions have held that misnomer of the victim in the indictment is not fatal when the victim's identity is made clear at trial. *See Bassett v. Commonwealth*, 222 Va. 844, 855, 284 S.E.2d 844, 851 (1981), *cert. denied*, 456 U.S. 938 (1982). In *Brown v. Commonwealth*, 138 Va. 807, 122 S.E.2d 421 (1924), where there was a variance between the proof of the victim's name and that used in the indictment, the Court stated:

> [T]he point raised is purely technical and it is to meet just such a point as the one under consideration that the revisors wrote into the Code of 1919, section 4878,[1] declaring that "if, on the trial of any case, there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the court before which the trial is had to amend the said indictment, according to the proof, provided such amendment does not change the nature of the offense charged * * *." This section, while preserving to an accused every substantial right guaranteed under the Constitution, yet at the same time deprives him of the opportunity of availing himself of a mere technicality to balk and in many instances to defeat the very ends of justice itself.

*Id.* at 815-16, 122 S.E.2d at 424 (footnote added).

■ Pursuant to statutes similar to Code § 19.2-231, three of our sister states have considered the precise issue presented here and have agreed that amendments that change only the name of the victim are permissible. *See Gyant v. State*, 321 A.2d 815 (Md. Ct. Spec. App. 1974); *State v. Hutchinson*, 740 S.W.2d 184 (Mo. Ct. App. 1987); *Dye v. Sacks*, 183 N.E.2d 380 (Ohio 1962). *State*

---

[1] Code of 1919, section 4878, is a predecessor of Code § 19.2-231.

*v. Hutchinson* contained the following similarity to the case before us:

> The sole change effected by the substituted information involved the name of the victim. However, a change in the victim's name by substituted or amended information does not constitute a charge of a different offense in a robbery case.

> Furthermore, defendant does not allege that he was prejudiced by the substitution of LeGrand's name for Messina's. Both LeGrand and Messina were endorsed as witnesses on the indictment, and defendant's counsel deposed Mr. LeGrand prior to trial. When asked if he was surprised when the substitute information was filed, defense counsel stated he was not. Defendant does not claim to have required a different defense because of the substitution and the facts indicate that he was not prejudiced by it.

740 S.W.2d at 186 (citations omitted).

Appellant relies on *State v. McGraw*, 85 S.E.2d 849 (W. Va. 1955).[2] The West Virginia Supreme Court noted that its statute permitted only a change in the name of the accused, and held "it authorizes only that type of amendment of an indictment," and applied the doctrine that "the express mention of one thing implies the exclusion of another." *Id.* at 856-57. The West Virginia statute relative to amendments differs from the Virginia statute and, therefore, adds little to the resolution of the issue before us.

For the reasons stated, we hold that the change in the name of the victim did not create a new offense nor did it change the nature or character of the offense for which appellant was indicted. For this reason, we further hold that the trial court did not err when it permitted the indictment to be amended to indicate the name of a victim who was present at the same time and place as the person originally named as the victim in the indictment. Therefore, it was proper for the trial court to permit the Commonwealth's amendment changing the name of the victim from

---

[2] The indictment in *McGraw* differed in that it alleged specific property and stated it was owned by the person named therein, while the amendment showed it to be owned by another.

Luong Nguyen to Tuyet Nguyen. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Fitzpatrick, J., concurred.