UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Decker and Senior Judge Felton
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 0592-15-4      JUDGE WILLIAM G. PETTY
SEPTEMBER 1, 2015

FRANK INNES FLYTHE, A/K/A
 FRANK INNES ROOKS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Brad Lindsay, Assistant Public Defender (Fairfax County Public
Defender's Office, on brief), for appellee.


This case involves an appeal by the Commonwealth of Virginia, pursuant to Code

§ 19.2-398, of a trial court's order dismissing the indictment against Frank Innes Flythe on

double jeopardy grounds. On appeal, the Commonwealth asserts that the court erred in

concluding that Flythe was acquitted due to insufficiency of the evidence and therefore cannot be

re-tried. The Commonwealth argues that the first trial was terminated due to a fatal variance in

the indictment, and thus double jeopardy does not apply. We disagree.

I. BACKGROUND

In an appeal brought by the Commonwealth pursuant to Code § 19.2-398, we view the

historical facts that provide the context of our analysis in the light most favorable to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prevailing party below, Flythe, and we grant him all reasonable inferences fairly deducible from that evidence. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

On June 16, 2014, Flythe was indicted for felony grand larceny of United States currency from Sandra Amurrio on or about July 14, 2013. The trial was held before Judge Jan L. Brodie on October 21, 2014 ("the trial"). The Commonwealth alleged that Flythe, a janitor at the Elks Lodge, stole money that had been given as a gift to Maria Linares during her fifteenth birthday party at the lodge on July 13, 2013. Maria Andrade, Linares's cousin, testified that she was in charge of writing down the names of gift givers, collecting all of the envelopes, and putting them in a box. At the party, the guests handed their monetary gifts to Linares or Andrade, who put the gifts into a box. Amurrio, Linares's mother, testified that she never handled the money at the party, but that she intended to deposit the money into an account and use it for Linares's college expenses. Andrade testified that at the end of the night she put the box of money under a table and left it there. On July 14, 2013, Amurrio realized that no one had brought the box of money home. Flythe was the janitor on duty at the Elks Lodge on the morning of July 14, 2013. Amurrio returned to the lodge and found the box in a trash bag, however there was no money in the box. Flythe was arrested twelve days later with $1400 cash in his possession.

At the close of the Commonwealth's evidence, Flythe made a motion to strike. First, Flythe argued that there was a fatal variance in the indictment because while the indictment stated that he stole money from Sandra Amurrio, the Commonwealth's evidence proved that the money at issue belonged to Maria Linares. Flythe then made numerous arguments regarding the sufficiency of the evidence. The judge denied the motion to strike on all grounds.

The defense rested without presenting any evidence. Flythe then renewed his motion to strike and repeated the same arguments he made for his first motion. Judge Brodie took the

motion under advisement. Both parties gave closing arguments, and the jury was sent to deliberate. After the court returned from a recess, Judge Brodie ruled on the motion to strike:

> The issue before the Court is whether or not one of the elements can possibly be met based on the evidence and that is the ownership by Sandra Amurrio.
> I reviewed the cases and it is clear that in order to sustain an indictment for larceny, the allegation of ownership of stolen property is sustained by the proof of any legal interest or special ownership which may be less than absolute title of the property.
> In this case, we are looking at the ownership of the gifts that were given at the party. In reviewing the evidence, I have no evidence or legal authority to automatically impute a special ownership to a parent.
> I have no evidence that the parent ever took control or managed it or held it other one, maybe that it transferred to the child's box [sic]. In light of that, I find that there is a fatal variance existing between the indictment's allegation and the evidence that was presented and I am granting the motion to strike.

At this point, the Commonwealth moved to amend the indictment to change the name of the victim from Sandra Amurrio to Maria Linares, arguing that changing the name of the victim did not create a new offense. Judge Brodie denied the motion to amend, saying, "I have already found and granted the motion to strike at this point. It is the equivalent of the Jury's verdict. . . . I have basically, by my [ruling on the] motion to strike, found the defendant not guilty. And I don't believe I can grant [the motion to amend] at this point." Thereafter, the jury was discharged. On October 28, 2014, Judge Brodie entered an order granting Flythe's motion to strike.

On December 15, 2014, Flythe was indicted for felony grand larceny of United States currency from Maria Linares. On March 23, 2015, Flythe filed a motion to dismiss the indictment on double jeopardy grounds. On March 27, 2015, a hearing on the motion was held before Judge Lorraine Nordlund. Judge Nordlund found that Judge Brodie had granted Flythe's motion to strike because the Commonwealth simply chose an unsuccessful theory of the case, rather than because of a fatal variance. The Commonwealth failed to prove that Amurrio had a

possessory interest in the money, and double jeopardy barred the Commonwealth from pursuing a different theory on retrial. Judge Nordlund granted Flythe's motion to dismiss and entered an order to that effect on April 7, 2015. The Commonwealth now appeals.

## II. ANALYSIS

"In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this Court shall conduct a *de novo* review." Davis v. Commonwealth, 57 Va. App. 446, 455, 703 S.E.2d 259, 263 (2011). In making our decision, we "'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter.'" Davis v. Commonwealth, 63 Va. App. 45, 52, 754 S.E.2d 533, 537 (2014) (quoting Jones v. Commonwealth, 217 Va. 231, 233, 228 S.E.2d 127, 129 (1979)) (discussing how to review a motion to dismiss based on collateral estoppel, a species of double jeopardy). Our inquiry is whether Flythe's indictment for grand larceny from Maria Linares, following the granting of a motion to strike for larceny of the same money from Sandra Amurrio, is barred by double jeopardy. Under the facts of this case, we hold that it is.

In part, the Fifth Amendment to the United States Constitution provides that "[no] person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "'This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.'" Payne v. Commonwealth, 277 Va. 531, 540, 674 S.E.2d 835, 839 (2009) (quoting Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999)).[1] Here, we are concerned with the first of those protections.

---

[1] Flythe argues that dismissal of the second indictment was mandated by the double jeopardy provisions of the Fifth Amendment and the Virginia Constitution. Protections provided by the Double Jeopardy Clause of the Fifth Amendment are "identical with those embodied in Article I, section 8 of Virginia's Constitution." Bennefield v. Commonwealth, 21 Va. App. 729, 739, 467 S.E.2d 306, 311 (1996). We have "consistently held that the protections afforded under

- 4 -

The United States Supreme Court has repeatedly held that "'[a] verdict of acquittal . . . [may] not be reviewed . . . without putting [the defendant] twice in jeopardy, and thereby violating the Constitution.'" Sanabria v. United States, 437 U.S. 54, 64 (1978) (alteration in original) (quoting United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977)).  The Court has described this principle as "'the most fundamental rule in the history of double jeopardy jurisprudence.'" Id. (quoting Martin Linen Supply Co., 430 U.S. at 571).  Double jeopardy bars retrial after an acquittal because "'[t]o permit a second trial . . . would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that even though innocent he may be found guilty.'" Evans v. Michigan, 133 S. Ct. 1069, 1075 (2013) (alteration in original) (quoting United States v. Scott, 437 U.S. 82, 91 (1978)).  And, retrial after acquittal may subject the defendant to "additional 'embarrassment, expense and ordeal' while 'compelling him to live in a continuing state of anxiety and insecurity.'" Id. (quoting Green v. United States, 355 U.S. 184, 187 (1957)).  Accordingly, only a single exception to this principle has been recognized by the Court:  "When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." Smith v. Massachusetts, 543 U.S. 462, 467 (2005).  However, if the judge enters an acquittal when "the prosecution has not yet obtained a conviction, further proceedings to secure one are impermissible." Id.

In Evans, the United States Supreme Court defined an acquittal as "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." 133 S. Ct. at 1074-75.  In contrast, procedural rulings are those that dismiss a case due to an error of law or

the Virginia Constitution are co-extensive with those in the United States Constitution." Id. at 739-40, 467 S.E.2d at 311.

"because of some problem like an error with the indictment." Id. at 1075. Because "no expectation of finality attaches" to a mistrial or dismissal on procedural grounds, the same concerns are not implicated, and the Double Jeopardy Clause does not bar retrial in those instances. Id.

The Commonwealth contends that the granting of the motion to strike was a procedural dismissal that did not amount to an acquittal because "the trial court ultimately only ruled on the fatal variance portion of the motion to strike." The Commonwealth points to Judge Brodie's comment that "I find that there is a fatal variance existing between the indictment's allegation and the evidence that was presented and I am granting the motion to strike."

However, we cannot rely solely on a trial court's isolated comments to decide whether Flythe was acquitted. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). In reviewing a record, this Court follows the rule "well-established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457, 628 S.E.2d 526, 528 (2006). Furthermore, "[w]e assume that trial judges have knowledge of the Commonwealth's laws and properly apply those laws." Wilson v. Commonwealth, 23 Va. App. 318, 326, 477 S.E.2d 7, 10 (1996); see Yarborough, 217 Va. at 978, 234 S.E.2d at 291. Rule 3A:15(a) states that "the court on motion of the accused may strike the Commonwealth's evidence *if the evidence is insufficient as a matter of law* to sustain a conviction." (Emphasis added). And it is well established that a motion to strike can challenge *only* the sufficiency of the evidence. See McCary v. Commonwealth, 36 Va. App. 27, 40, 548 S.E.2d 239, 245 (2001) ("[A] motion to strike properly challenges only the sufficiency of the evidence offered up to that point . . . ."); Poole v. Commonwealth, 211 Va. 258, 260, 176 S.E.2d 821, 823(1970) ("The office of a motion to strike the evidence, made at the conclusion of the Commonwealth's case, is to challenge the sufficiency . . . of the evidence."). Under Rule

3A:15(c), a successful motion must result in an acquittal.  Rule 3A:15(c) ("The court shall enter a judgment of acquittal if it strikes the evidence . . . .").

Thus, we first look to Judge Brodie's October 28, 2014 order, which explicitly states:

> At the conclusion of the case, Counsel for the Defendant renewed the motion to strike the evidence presented by the Commonwealth. The Court took the motion under advisement.
>
> \* \* \* \* \* \* \*
>
> After some time, the Court called the parties back into the courtroom.  The Court granted the motion to strike previously taken under advisement and dismissed the case.

This order makes clear that Judge Brodie was granting a motion to strike.  And, such an order is "presumed to accurately reflect what transpired."  McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997).  We presume that Judge Brodie was aware that the motion to strike could not have been granted on the grounds of a variance alone, without a ruling on the sufficiency of the evidence, and that such a ruling would result in an acquittal.

Reviewed with these principles in mind, the trial transcript supports Judge Nordlund's finding that Flythe's motion to strike was granted on the grounds that the evidence was insufficient to sustain a conviction.  In support of his motion to strike, Flythe argued that the Commonwealth had not proven an element of grand larceny—that the money allegedly stolen was the property of the alleged owner.  See Latham v. Commonwealth, 184 Va. 934, 939-40, 37 S.E.2d 36, 38 (1946).  Flythe pointed out that Linares never testified that she gave Amurrio permission to control the money.  Further, Amurrio never testified that she monitored the money or had it in her actual possession.  Instead, Flythe argued, the evidence proved that it had been Andrade's responsibility to take care of the money.  In addition, Flythe presented the separate but related argument that there was no evidence of a trespassory taking of the money from the

possession of the owner.[2] Judge Brodie ultimately agreed with Flythe's argument and granted the motion to strike, saying "[t]he issue before the Court is whether or not one of the elements can possibly be met based on the evidence and that is the ownership by Sandra Amurrio." Judge Brodie then went on to explain that the Commonwealth presented "no evidence" that Amurrio ever took control of, managed, or held the money. In other words, the trial court found more than just a defect in the indictment; it found that the Commonwealth failed to prove one of the elements of grand larceny. Accordingly, we hold that Judge Nordlund did not err in finding that the motion to strike was granted on the basis of insufficiency of the evidence and resulted in an acquittal.[3]

There is no question that double jeopardy bars a second prosecution for the same offense after an acquittal. See Payne, 277 Va. at 540, 674 S.E.2d at 839. Nevertheless, the Commonwealth contends that the second indictment is not barred by double jeopardy because it is not "'a second prosecution for the *same* offense after acquittal.'" Id. (emphasis added) (quoting Payne, 257 Va. at 227, 509 S.E.2d at 300). According to the Commonwealth, the second indictment necessarily alleges a *different* offense from the first indictment because the name of the victim has been changed.

In cases such as this, where the defendant is charged a second time for the same statutory offense, the Double Jeopardy Clause "protects the accused from attempts to relitigate the facts underlying a prior acquittal, see Ashe v. Swenson, 397 U.S. 436 (1970)." Brown v. Ohio, 432

---

[2] Flythe also argued that the property had been abandoned, that the Commonwealth had failed to prove the value of the property, and that the Commonwealth had failed to prove that the money taken was "good and lawful U.S. currency" as charged in the indictment.

[3] Judge Brodie also recognized that she acquitted Flythe on the facts of the case: "It is the equivalent of the Jury's verdict. . . . I have basically, by my [ruling on the] motion to strike, found the defendant not guilty."

U.S. 161, 165 (1977).[4]  This Court has ruled that a "change in the name of the victim did not create a new offense nor did it change the nature or character of the offense for which appellant was indicted."  Phan v. Commonwealth, 18 Va. App. 360, 364, 444 S.E.2d 9, 11 (1994).

Here, the first and second indictments are based on the same set of facts.  The Commonwealth has only alleged a single taking of a single box of money.  Simply changing the name on the indictment does not create a "new offense" to be tried.  This is the type of vexatious prosecution that the Double Jeopardy Clause aims to prohibit.  See Tibbs v. Florida, 457 U.S. 31, 41 (1982) (noting that the Double Jeopardy Clause "prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction"); Ashe, 397 U.S. at 447 ("No doubt the prosecutor felt the state had a provable case on the first charge and, when he lost, he did what every good attorney would do—he refined his presentation in light of the turn of events at the first trial.  But this is precisely what the constitutional guarantee forbids.").

Having found that the granting of the motion to strike constituted an acquittal because the Commonwealth's evidence was insufficient as a matter of law, we need not address the Commonwealth's argument that a dismissal based on a fatal variance does not bar retrial under the Double Jeopardy Clause.[5]

---

[4] We recently applied this principle in the unpublished opinion Commonwealth v. Pijor, No. 0043-15-4, 2015 Va. App. LEXIS 178 (Va. Ct. App. May 26, 2015), another double jeopardy case arising from Fairfax County.  Pijor was acquitted of larceny of a dog on a date certain, but law enforcement thereafter discovered him in possession of the dog.  Id. at *3.  The Commonwealth re-indicted Pijor for larceny of the same dog on a different date.  Id.  We held that because there was but one taking of the dog, changing the date on the indictment could not create a separate offense for purposes of circumventing the Double Jeopardy Clause.  Id. at *8-9.

[5] The Commonwealth relies on Code § 19.2-293 and advisory dicta in our opinion in Purvy v. Commonwealth, 59 Va. App. 260, 717 S.E.2d 847 (2011), in arguing that a dismissal based on a fatal variance does not constitute an acquittal due to the insufficiency of the evidence and thus, does not bar retrial.  While this argument may be correct where, as in Purvy, the original conviction is reversed on appeal and the new indictment alleges a violation of a separate

- 9 -

In summary, Judge Nordlund correctly decided that Flythe's trial was terminated because there was insufficient evidence to prove that Flythe had stolen the money from Sandra Amurrio. Flythe was acquitted of grand larceny of the money, and the Commonwealth cannot name a different victim and relitigate the issue at a second trial in hopes of achieving a conviction.

### III. Conclusion

For the foregoing reasons, we hold that the decision to dismiss Flythe's second indictment on double jeopardy grounds was not in error. Accordingly, we affirm the decision to dismiss the second indictment.

<u>Affirmed.</u>

---

and distinct code section, it is not clear that it applies where the Commonwealth fails to prove a larceny from the owner described in the indictment. <u>See</u> <u>Gardner v. Commonwealth</u>, 262 Va. 18, 25, 546 S.E.2d 686, 690 (2001) (reversing and *dismissing* an indictment for larceny by false pretenses for failing to prove that the property was stolen from the person named in the indictment). What is clear, however, is that double jeopardy does bar further prosecution where, as here, the acquittal was based on the insufficiency of the evidence, however that acquittal was styled.